Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. C 12-01956 JSW (EDL)<br><br>**FLATWORLD'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION**<br><br>**JURY TRIAL REQUESTED**<br><br>Date: **March 12, 2013**<br>Time: **9:00 AM**<br>**Courtroom: E**<br>**Judge: Honorable Elizabeth D. LaPorte**<br><br>**DATE ACTION FILED: April 19, 2012** |

005012-11 583056 V1

**NOTICE**

FlatWorld Interactives, LLC ("FlatWorld") hereby gives notice that the above-captioned Motion to Compel Discovery is noted for hearing on March 12, 2013, at 9:00 AM.

**RELIEF SOUGHT**

FlatWorld seeks entry of an order compelling Apple to respond in full to Interrogatory No. 5 of FlatWorld's First Set of Interrogatories, and its companion Request for Production No. 2. In addition, FlatWorld seeks entry of an order compelling Apple to produce documents in response to the following document requests from FlatWorld's First Set of Document Requests: 48, 73, 75, and 76. Finally, FlatWorld seeks entry of an order compelling Apple to produce all source code for accused applications and other specific source code described herein, as required by Request for Production Nos. 21, 36, 40, 41, 44, 45, 46, 47, and 80, and the Northern District of California Patent L.R. 3-4(a).

## I. ARGUMENT

FlatWorld served its first sets of interrogatories and requests for production on October 11, 2012. Apple's responses to those discovery requests were deficient. For example, Apple provided a substantive response to only one of FlatWorld's nineteen interrogatories. *Meyer Decl.* at ¶¶ 3-4, Ex. 2. As to FlatWorld's requests for production, Apple simply objected to many of the requests and made no statement regarding its intent to produce responsive documents, objected and offered to meet and confer without stating that it would produce responsive documents, or stated that it would produce documents "responsive to the non-objectionable scope of this request" without stating what documents, if any, were withheld. *Id.* at ¶¶ 3,5, Ex. 1.

Since then, FlatWorld has struggled with Apple to receive substantive discovery responses and document productions on a reasonable timescale. This effort has included multiple lengthy discovery conferences and a multitude of email exchanges. *Id.* at ¶¶ 6-10, 12-18. While Apple continues to slowly produce limited numbers of documents, FlatWorld substantially completed its production on December 20, 2012. *Id.* at ¶ 11. Meanwhile, dates for the claim construction process have come and gone, a mediation is expected to be scheduled sometime between the end of February and the end of March, and Apple has begun taking depositions.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY

005012-11 583056 V1 - 1 -

1    Accordingly, FlatWorld moves to compel Apple to issue complete responses and
2    productions to the discovery requests discussed below immediately, so that FlatWorld may
3    adequately prepare for mediation, deposition discovery, and claim construction. In this Motion,
4    FlatWorld will first discuss discovery requests that seek information and documents other than
5    source code. *See* Subsection A, below. FlatWorld will then discuss a series of document requests
6    that seek source code. *See* Subsection B, below.

**A.   Apple Should be Compelled to Provide Further Answers and Produce Additional Documents in Response to FlatWorld's First Set of Interrogatories and First Set of Requests for Production of Documents, Unrelated to Source Code.**

**1.   Interrogatory 5 (and Request for Production No. 2[1])**

FlatWorld's Interrogatory 5 seeks the identity of documents relating to Apple's quantification of any reasonable royalty for gesture recognition technology in any patent litigation filed by Apple:

> For each suit identified in your answer to Interrogatory No. 4,[2] identify each asserted patent, all documents relating to the quantification of such reasonable royalty, and all person(s) with knowledge or information relating to such quantification.

Apple's response to Interrogatory 5 states:

> Apple objects to this interrogatory as vague and ambiguous in its references to "documents relating to the quantification of such reasonable royalty" and "person(s) with knowledge relating to such

---

[1] RFP No. 2 states, "All documents and things relating to, review, or relied upon when preparing any written response to any interrogatory, document request, or request for admission served by FlatWorld." Apple's response states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request as calling for information protected by the attorney-client privilege and/or the work product protection. Apple further objects to this request to the extent it seeks documents not within Apple's possession, custody, or control. Apple further objects to this request as vague and ambiguous in its reference to documents and things "relating to . . . any written response" to FlatWorld's discovery requests and because it does not identify a person or persons who may have "reviewed, considered, or relied upon" the documents and things requested. Subject to its general objections and the foregoing specific objections, Apple states that it is willing to meet and confer to determine the non-objectionable scope, if any, of this request.

[2] Interrogatory No. 4 states, "Identify by full caption, cause number and district court each patent infringement suit in which Apple (a) asserted any patent covering technology used in any Accused Product, and (b) requested a reasonable royalty."

PLAINTIFF'S MOTION TO COMPEL DISCOVERY          - 2 -

005012-11 583056 V1

quantification." Apple further objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to require Apple to identify "all documents relating to the quantification of such reasonable royalty" and "all person(s) with knowledge or information relating to such quantification." Apple further objects to this interrogatory as calling for information protected by the attorney-client privilege and/or the work product protection.

Apple's first supplemental response to Interrogatory No. 5 states:

Further responding, Apple states as follows. Apple identifies the following asserted utility patents for each suit identified in its response to Interrogatory No. 4:

| Case Caption | Patents Asserted by Apple |
|---|---|
| *Apple Inc. v. High Tech Computer Corp., et al* (D. Del., Case No. 1:10-00166); | U.S. 5,481,721; U.S. 5,529,867; U.S. 5,566,337; U.S. 5,915,131; U.S. 5,929,852; U.S. 5,946,647; U.S. 5,969,705; U.S. 6,275,983; U.S. 6,343,263; and U.S. RE39,486 |
| *Apple Inc. v. High Tech Computer Corp., et al* (D. Del., Case No. 1:10-00167); | U.S. 5,455,599; U.S. 5,848,105; U.S. 5,920,726; U.S. 6,424,354; U.S. 7,362,331; U.S. 7,383,453; U.S. 7,469,381; U.S. 7,479,949; U.S. 7,633,076; and U.S. 7,657,849 |
| *Apple Inc. v. High Tech Computer Corp., et al* (D. Del., Case No. 1:10-00544) | U.S. 6,282,646; U.S. 7,380,116; U.S. 7,383,453; and U.S. 7,657,849 |
| *Apple Inc., v. HTC Corp. et al.,* (D. Del., Case No. 1:11-00611) | U.S. 6,956,564; U.S. 7,084,859; U.S. 7,844,915; and U.S. 7,9120,129 |
| *Apple Inc., v. HTC Corp. et al.,* (D. Del., Case No. 1:12-01004) | U.S. 7,853,891; U.S. 8,014,760; U.S. 8,031,050; U.S. 8,046,721; U.S. 8,074,172; and U.S. 8,099,332 |
| *Apple Inc. v. Eforcity Corporation, et al* (N.D. Cal., Case No. 5:10-03216) | U.S. 7,305,506; U.S. 7,529,870; U.S. 7,529,872; U.S. 7,580,255; U.S. 7,587,540; U.S. 7,590,783; and U.S. 7,627,343 |
| *Nokia Corporation v. Apple Inc.,* (W.D. Wis., Case No. 3:10-00249) | U.S. 5,379,430; U.S. 5,612,719; U.S. 5,946,647; U.S. 7,054,981; U.S. 7,380,116; U.S. 7,355,905, U.S. 7,710,290; and U.S. 7,760,559 |
| *Nokia Corporation v. Apple Inc.,* (D. Del, Case No. 1:09-01002) | U.S. 5,379,431; U.S. 5,455,559; U.S. 5,519,867; U.S. 5,915,131; U.S. 5,920,726; U.S. 5,969,705; U.S. 6,343,263; U.S. 6,424,354; and U.S. RE39,486 |
| *Nokia Corporation v. Apple Inc.,* (D. Del., Case No. 1:09-00791) | U.S. 5,315,703; U.S. 5,379,431; U.S. 5,455,854; U.S. 5,555,369; U.S. 5,634,074; U.S. 5,848,105; U.S. 5,915,131; U.S. 6,189,034; U.S. 6,239,795; U.S. 6,343,263; U.S. 7,383,453; U.S. 7,469,381; and U.S. RE39,486 |

| | |
|---|---|
| *Nokia Corporation v. Apple Inc.,* (W.D. Wis., Case No. 1:11-00015) | U.S. 5,379,430; U.S. 5,612,719; U.S. 5,946,647; U.S. 7,054,981; U.S. 7,380,116; U.S. 7,355,905; U.S. 7,710,290; and U.S. 7,760,559 |
| *Apple Inc. v. Eastman Kodak Company* (N.D. Cal., Case No. 5:10-01609) | U.S. 6,031,964 and U.S. RE38,911 |
| *Eastman Kodak Company v. Apple Inc.,* (W.D. NY, Case No. 6:10-06022) | U.S. 5,072,925; U.S. 5,341,293; U.S. 5,634,074; U.S. 5,898,434; and U.S. 5,920,726 |
| *Elan Microelectronics Corporation v. Apple Inc.,* (N.D.Cal., Case No. 09-01531) | U.S. 5,764,218; U.S. 6,933,929; and U.S. 7,495,659 |
| *Apple Inc. v. Atico International USA, Inc. et al.,* (D.Del., Case No. 1:08-00283) | U.S. 7,305,506 |
| *Motorola Mobility Inc. v. Apple Inc.,* (S.D. Fla., Case No. 1:12-020271) (*consolidated with Motorola Mobility Inc. v. Apple Inc.,* (S.D. Fla., Case No. 1:10-023580) | U.S. 5,583,560; U.S. 5,594,509; U.S. 5,621,456; U.S. 6,282,646; U.S. 7,380,116; U.S. 7,657,849; U.S. 7,853,891; U.S. 8,014,760; U.S. 8,031,050; U.S. 8,046,721; U.S. 8,074,172; U.S. 8,099,332 |
| *Apple Inc. v. Motorola Inc. et al.,* (N.D. Ill., Case No. 1:11-08540) (transferred from *Apple Inc. v. Motorola Inc. et al.,* (W.D. Wis., Case No. 3:10-00662) and related to *Motorola Mobility Inc. v. Apple Inc. et al.,* (D.Del., Case No. 1:12-00079)) | U.S. 5,455,599; U.S. 5,481,721; U.S. 5,519,867; U.S. 5,566,337; U.S. 5,838,315; U.S. 5,915,131; U.S. 5,929,852; U.S. 5,946,647; U.S. 5,969,705; U.S. 6,275,983; U.S. 6,343,263; U.S. 6,424,354; U.S. 6,493,002; U.S. 7,479,949; and U.S. RE39,486 |
| *Apple Inc. v. Motorola Inc. et al.,* (W.D. Wis., Case No. 3:10-00661) | U.S. 5,379,430; U.S. 7,663,607; and U.S. 7,812,828 |
| *Apple Inc. v. Samsung Electronics Co., Ltd. et al.,* (N.D. Cal., Case No. 5:11-01846) | U.S. 6,493,002; U.S. 7,469,381; U.S. 7,663,607; U.S. 7,669,134; U.S. 7,812,828; U.S. 7,844,915; U.S. 7,853,891; U.S. 7,863,533; U.S. 7,864,163; and U.S. 7,920,129 |
| *Apple Inc. v. Samsung Electronics Co.,* (N.D. Cal., Case No. 5:12-00630) | U.S. 5,946,647; U.S. 5,666,502; U.S. 6,847,959; U.S. 7,761,414; U.S. 8,014,760; U.S. 8,046,721; U.S. 8,074,172; and U.S. 8,086,604 |
| *Apple Inc. v. Sanho Corporation,* (N.D. Cal., Case No. 5:10-04042) | U.S. 7,517,222; U.S. 7,751,853; U.S. 7,627,343; and U.S. 7,783,070 |

Apple further incorporates by reference its objections to Interrogatory No. 5. Apple further states that certain of the patents asserted in the cases listed above are practiced by certain Accused Products, but Apple's response to this interrogatory is not, and should not be construed to be, an assertion or admission that any individual patent asserted in the cases listed above is or is not practiced by any particular "Accused Product," as FlatWorld has used that term.

Apple's second supplemental response to Interrogatory No. 5 states:

Further responding, Apple states that it continues to object to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 4 -

005012-11 583056 V1

> request that Apple identify "all documents relating to the quantification of such reasonable royalty" in cases or matters that did not involve technologies related or comparable to those at issue in this matter. Apple further states that it has repeatedly requested that FlatWorld narrow this interrogatory so that Apple may respond meaningfully thereto, but FlatWorld has refused to do so. Apple further states that, other than *Apple Inc. v. Samsung Electronics Co., Ltd. et al.,* (N.D. Cal., Case No. 5:11-01846), FlatWorld has not, despite Apple's requests, identified any specific case or cases that it believes are relevant to this matter.
>
> Accordingly, Apple further states that it is aware of the following documents relating to Apple's "quantification of a reasonable royalty" in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.,* (N.D. Cal., Case No. 5:11-01846): the expert report of Prof. John R. Hauser, and exhibits thereto; and the expert report of Mr. Terry Musika, and exhibits thereto.

In its first supplemental response to Interrogatory 5, Apple identified "asserted utility patents for each suit identified in response to Interrogatory No. 4." But other than listing patents, Apple did not identify any documents relating to the quantification of a reasonable royalty in those cases and did not identify all persons with knowledge or information relating to such quantification. The requested documents include, but are not limited to, expert reports in the identified cases relating to such quantification, all documents provided to, considered by, or relied on by those experts, demonstrative exhibits in support of expert testimony, and transcripts of expert deposition and trial testimony, and such persons would include those experts and other persons who know about the quantification of royalties in those cases.

In its second supplemental response, Apple identified only two expert reports ("and exhibits thereto") in a single case, out of the 20 cases it listed, in which it was the plaintiff in the majority of those cases. *Meyer Decl.* at ¶20. And there is no merit to Apple's claim in its second supplemental response that FlatWorld must specify for which of those twenty cases it wants Apple to produce documents. Documents relating to the quantification of royalties in *all* of those cases contain admissions that are material by analogy to quantifying royalties in this case. Apple should be compelled to identify "all documents relating to the quantification of such reasonable royalty, and all person(s) with knowledge or information relating to such quantification." Moreover, Apple should be compelled to produce the identified documents as requested by FlatWorld's Request for Production No. 2 ("All documents and things relating to, reviewed, or relied upon when preparing

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 5 -

005012-11 583056 V1

1  any written response to any interrogatory, document request, or request for admission served by

2  FlatWorld."). There is no less burdensome method for FlatWorld to obtain that information, which

3  is under Apple's control and which is of prime importance in quantifying the amount of any royalty

4  due to FlatWorld.

5    **2.  Request for Production 48**

6    FlatWorld's Request for Production No. 48 requests all documents relating to any request

7  for a reasonable royalty asserted by Apple in patent litigation over gesture recognition technology:

> All documents and things relating to any reasonable royalty sought by Apple in any actual or threatened litigation in which Apple asserted a patent covering any form of Gesture Recognition Technology.

Apple's response to Request for Production No. 48 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request as vague and ambiguous in its references to "any reasonable royalty sought by Apple in any actual or threatened litigation" and to patents "covering any form of Gesture Recognition Technology." Apple further objects to this request as premature to the extent that it seeks to elicit expert discovery or disclosures in advance of the dates that are or will be set by the Court's scheduling orders, the Local Rules, and the Federal Rules of Civil Procedure. Apple further objects to this request as calling for information protected by the attorney-client privilege and/or the work product protection.
>
> Subject to its general objections and the foregoing specific objections, Apple states that it is willing to meet and confer with FlatWorld to determine the non-objectionable scope, if any, of this request.

  Contrary to Apple's objection, this request does not seek to elicit expert discovery or disclosures in *this* litigation. However, it does seek expert witness reports; documents provided to, referred to, considered by or relied upon by any expert; related demonstrative exhibits; and expert deposition and trial testimony transcripts from *other* litigation. These documents would have been produced to opposing counsel, so there can be no claim of privilege or work product. These documents will likely contain highly material admissions by analogy with respect to the *Georgia Pacific* factors for determining a reasonable royalty and damages. These documents and things are

1  in Apple's possession, custody, or control, and are closely related to a material issue in this

2  litigation, i.e., the reasonable royalty due to FlatWorld for Apple's infringement.

### 3. Request for Production 73

FlatWorld's Request for Production No. 73 requests a subset of the documents requested by Request for Production No. 48, i.e., reasonable royalty documents from the *Apple v. Samsung* litigation:

> All documents and things from the *Apple v. Samsung* litigation in the Northern District of California relating to damages, including but not limited to, documents and things relating to the *Georgia Pacific* factors, or any of them, and the "slide to unlock" gesture.

Apple's response to Request for Production 73 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding damages in a litigation unrelated to this case, involving claims and defenses unrelated to the features accused of infringement in this case, and involving intellectual property rights, such as trade dress and design patents, not at issue here. Apple further objects to this request as calling for information protected by the attorney-client privilege and/or the work product protection. Apple further objects to this request as seeking third party confidential information whose disclosure is prohibited by an existing protective order.

This Request calls for documents that are relevant to FlatWorld's royalty claim and that are not publicly available. Apple objects that the requested documents involve another lawsuit, but this objection has no merit. Apple's contentions regarding royalties in *Apple v. Samsung* are likely to contain material admissions about the elements of a reasonable royalty that apply by analogy to FlatWorld's claims for a reasonable royalty in this lawsuit. Furthermore, Apple cannot refuse to produce *any* responsive documents on the ground that *some* documents may be protected by the attorney-client privilege or a protective order in *Apple v. Samsung*. While Apple stated that it will produce documents in response to this request (*see Meyer Decl.* at ¶19), it has not stated when they will be produced or whether they will be responsive to the full scope of this request. FlatWorld moves on this request now because the parties expect to schedule a mediation sometime between the end of February and the end of March. FlatWorld cannot afford to wait to see whether Apple

PLAINTIFF'S MOTION TO COMPEL DISCOVERY            - 7 -

005012-11 583056 V1

1 will produce all responsive documents or if it will instead delay production or produce only a

2 subset of responsive documents over additional objections as it has done consistently in the past.

### 4. Requests for Production Nos. 75 and 76

Request for Production Nos. 75 and 76 seek documents regarding the development of future Apple products that incorporate the technology at issue in this case.

FlatWorld's Request for Production 75 requests:

> All documents and things relating to any future Apple product, product in development, prototype, and/or concept designs that incorporate Throwing Gesture Technology.

Apple's response to Request for Production 75 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request as vague and ambiguous in its reference to "concept designs." Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks the production of documents and things relating to products, gestures, features, and functionalities that do not yet exist, have not yet been released, or are not accused of infringement in this action.

FlatWorld's Request for Production 76 requests:

> All documents and things relating to any future Apple product, product in development, prototype, and/or concept designs that incorporate Gesture Recognition Technology.

Apple's response to Request for Production 76 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request as vague and ambiguous in its reference to "concept designs." Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks the production of documents and things relating to products, gestures, features, and functionalities that do not yet exist, have not yet been released, or are not accused of infringement in this action.

Apple should be compelled to produce the documents requested by Requests 75 and 76. Internal activity (e.g. development, use, or improvement of products) by Apple using the patented invention constitutes infringement, even if that product has not yet been productized. Recent cases

1 have confirmed that such activity, even if it has not yet earned a profit or even if it is not designed
2 to earn a profit, constitutes infringement. *See Madey v. Duke Univ.*, 307 F.3d 1351, 1362 (Fed. Cir.
3 2002) ("regardless of whether a particular institution or entity is engaged in an endeavor for
4 commercial gain, so long as the act is in furtherance of the alleged infringer's legitimate business
5 and is not solely for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry, the
6 act does not qualify for the very narrow and strictly limited experimental use defense"); *Monsanto*
7 *Co. v. E.I. Dupont De Nemours and Co.*, 2012 U.S. Dist. LEXIS 95923 (E.D. Mo. July 11, 2012)
8 ("The Federal Circuit has clearly stated that the applicable time frame for the hypothetical
9 negotiation [to determine royalties] is the time of infringement. Therefore, Defendants' present
10 intentions concerning commercialization of RR/OGAT soybeans are irrelevant and inadmissible
11 under Federal Rule of Evidence 402."). So to the extent that Apple is using Throwing Gesture
12 Technology to develop future products, FlatWorld is entitled to all documents concerning those
13 activities called for by Request for Production Nos. 75 and 76.

14 Apple's opposition is specious. Over the course of its original discovery responses, two
15 discovery conferences, and correspondence, Apple has taken the position that these requests seek
16 documents that are totally irrelevant to this litigation, and has refused to entertain production of
17 them. Then on January 25, for the first time, Apple's counsel stated that Apple would attempt to
18 resolve this dispute, but, without knowing what specific information FlatWorld seeks, it would be
19 impossible for Apple to propose a reasonable agreement for these requests, thus leaving it to
20 FlatWorld to specify particular documents in the custody of Apple that are responsive to these
21 requests. *See Meyer Decl.*, ¶19. This procedure is entirely unworkable. FlatWorld cannot know
22 anything about documents relating to products that are in research and development, as Apple well
23 knows. It cannot possibly specify particular documents relating to these confidential devices. But
24 Apple can. Apple has also objected that "[a]ny future or unannounced products, if they even exist,
25 were not identified by FlatWorld in its contentions and FlatWorld has not sought leave to add such
26 products to this case." This, too, is obviously impossible. FlatWorld cannot point out in each
27 secret research and development product where each limitation of the asserted claims is found.
28

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 9 -

005012-11 583056 V1

FlatWorld's document request is in plain English, and includes a defined term, so it is sufficiently clear that Apple can produce responsive documents. Accordingly, Apple should be compelled to produce documents responsive to these requests.

**B.** **Apple Should be Ordered to Produce all Source Code for the Applications that FlatWorld Accused in its Claim Chart in Support of Infringement Contentions Pursuant to Patent L.R. 3-4(a) and FlatWorld's Document Requests.**

Northern District of California Patent L.R. 3-4(a) requires that accompanying the accused infringer's invalidity contentions, the infringer must make available for inspection and copying:

> Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

FlatWorld's Patent L.R. 3-1(c) chart expressly accuses specific applications that run on Apple's iOS, OSX and nano operating system, and was accompanied by a collection of videos illustrating infringement by each accused application. Carlson Decl., Ex. 1. There can be no question that Apple was required to make available its application source code on November 30 when it produced its invalidity contentions, or it should have sought relief from the Court. It did neither, and to this day has not produced *any* source code from its accused applications (with the sole exception of one iOS application, SpringBoard, for which it produced only a portion of the relevant source code). FlatWorld regards full compliance with the mandatory Patent L.R. 3-4(a) disclosure as the *quid pro quo* for asserting an invalidity defense in the Northern District of California. All other deadlines in the claim construction process presume full and timely compliance with the required disclosures. FlatWorld reserves the right to strike all relief based upon Apple's refusal to comply with, and failure to seek relief from, Patent L.R. 3-4(a).

In addition, FlatWorld's Request for Production Nos. 21, 36, 40, 41, 44, 45, 46, 47, and 80 clearly seek production of application source code. Request for Production No. 21 requests:

> All documents and things relating to the Throwing Gesture Technology in the Accused Devices, including all source code for operating systems, applications, firmware, and application programming interfaces, and any supporting configuration or build scripts, data files, resource files, nib or xib files, property list files, data files, or the like, required to build, examine or execute the software and its user interfaces, software development kits,

        application programming interfaces, user manuals, operator manuals, service manuals, and user guides or instructions.

Apple's response to Request for Production No. 21 states:

        Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and things that are unrelated to the gestures or products accused of infringement in this action. Apple objects to this request as vague and ambiguous in its references to "the like" and to articles "required to build, examine, or execute the software and its user interfaces."

        Subject to its general objections and the foregoing specific objections, Apple states that it will make available for inspection source code sufficient to show how the gestures accused in FlatWorld's Patent Local Rule 3-1 infringement contentions are implemented.

Request for Production No. 36 requests:

        All source code for iOS and for all applications distributed by Apple with iOS Accused Devices.

Apple's response to Request for Production No. 36 states:

        Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks the production of all source code for features and applications that are not accused of infringement in this action.

Request for Production No. 40 requests:

        All resource bundles, nib or xib files, property list files, or data files, whether human or machine readable, required to build, maintain, examine, and demonstrate the user interfaces associated with all applications distributed by Apple with the iOS Accused Devices.

Apple's response to Request for Production No. 40 states:

        Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all resource bundles, nib or xib files, property list files, or data files . . . required to build, maintain, examine, and demonstrate the user interfaces." Apple further objects to this request as vexatious and harassing, and advanced for an impermissible purpose in its request

PLAINTIFF'S MOTION TO COMPEL DISCOVERY     - 11 -

      that Apple provide information that would allow FlatWorld to "build" or "maintain" Apple's confidential source code. Apple further objects to this request as cumulative, duplicative, and unnecessarily burdensome to the extent it seeks information "required" to "demonstrate" "the user interfaces associated with all applications distributed by Apple with the iOS Accused Devices," as these user interfaces may be demonstrated on commercial products, and the burden of acquiring the same is no greater to FlatWorld than it is to Apple.

Request for Production No. 41 requests:

      All source code for MacOS X, including MacOS X 10.5 (Leopard) and later versions, and all source code for all applications distributed by Apple with MacOS X Accused Devices.

Apple's response to Request for Production No. 41 states:

      Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all source code" for operating systems and applications not accused of infringement in this action. Apple further objects to this request as vague and ambiguous in its reference to "all applications distributed by Apple with MacOS X Accused Devices."

Request for Production No. 44 requests:

      All source code for software or firmware components that determine gesture speed on the MagicTrackpad and MagicMouse, regardless of whether any such components are considered part of MacOS X, in the MacOS X Accused Devices.

Apple's response to Request for Production No. 44 states:

      Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as vague and ambiguous in its use of the phrase "determine gesture speed" and its reference to "whether any such components are considered part of MacOS X."

      Subject to its general objections and the foregoing specific objections, Apple states that it will make available for inspection source code sufficient to show how the gestures accused in FlatWorld's Patent Local Rule 3-1 infringement contentions are implemented.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY      - 12 -

005012-11 583056 V1

Request for Production No. 45 requests:

> All resource bundles, nib or xib files, property list files, or data files, whether human or machine readable, required to build, examine, and demonstrate the user interfaces associated with all applications distributed by Apple with the MacOS X Accused Devices.

Apple's response to Request for Production No. 45 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all resource bundles, nib or xib files, property list files, or data files . . . required to build, maintain, examine, and demonstrate the user interfaces." Apple further objects to this request as vexatious and harassing, and advanced for an impermissible purpose in its request that Apple provide information that would allow FlatWorld to "build" Apple's confidential source code. Apple further objects to this request as cumulative, duplicative, and unnecessarily burdensome to the extent it seeks information "required" to "demonstrate" "the user interfaces associated with all applications distributed by Apple with the Mac OS X Accused Devices," as these user interfaces may be demonstrated on commercial products, and the burden of acquiring the same is no greater to FlatWorld than it is to Apple.

Request for Production No. 46 requests:

> All source code for all versions of the iPod nano with touch-screen, including all source code for all applications distributed by Apple with the nano Accused Devices.

Apple's response to Request for Production No. 46 states:

> Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all source code for all versions of the iPod nano with touchscreen, including all source code for all applications distributed by Apple." Apple further objects to this request as vague and ambiguous in its reference to "all applications distributed by Apple with the nano Accused Devices."

Request for Production No. 47 requests:

>All resource files and other data files, whether human or machine readable, required to build maintain, examine, and demonstrate the user interfaces associated with all applications distributed by Apple with the nano Accused Devices.

Apple's response to Request for Production No. 47 states:

>Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks production of information regarding applications and functionalities that are not accused of infringement in this action. Apple further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its request for "all resource files or other data files . . . required to build, maintain, examine, and demonstrate the user interfaces." Apple further objects to this request as vexatious and harassing, and advanced for an impermissible purpose in its request that Apple provide information that would allow FlatWorld to "build" or "maintain" Apple's confidential source code. Apple further objects to this request as cumulative, duplicative, and unnecessarily burdensome to the extent it seeks information "required" to "demonstrate" "the user interfaces associated with all applications distributed by Apple with the nano Accused Devices," as these user interfaces may be demonstrated on commercial products, and the burden of acquiring the same is no greater to FlatWorld than it is to Apple.

Request for Production No. 80 requests:

>All source code for any software and firmware components that determine gesture velocity.

Apple's response to Request for Production No. 80 states:

>Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks the production of source code relating to products, gestures, features, and functionalities that are not accused of infringement in this action. Apple further objects to this request as vague and ambiguous in its references to "components" and to "determine gesture velocity." Apple further objects to this request to the extent it seeks documents not within Apple's possession, custody, or control. Apple further objects to this request as unintelligible because it is not limited to any specified products.

>Subject to its general objections and the foregoing specific objections, Apple states that it will make available for inspection source code sufficient to show how the gestures accused in FlatWorld's Patent Local Rule 3-1 infringement contentions are implemented.

Apple has conceded that the only source code it has produced comes from the iPod Nano operating system (7th generation), iOS operating system (version 5) for the iPhone, iPad and iPod Touch, and OS X (Mountain Lion, version 10.8) for Macintosh computers, but not from any of the accused applications that run on the accused products. M. Pieja 1/15/13 email to M. Carlson (Ex. 2). Apple is expected to argue that in "modern object oriented programming languages," the code that recognizes gestures may constitute a set of programming classes (called a "framework") within the operating system, which the application may invoke to detect when a particular gesture is performed on the touch screen, and therefore the application source code is not material. But Apple's conclusion is wrong.

In technical terms, the source code to Apple's framework and toolkit libraries (considered part of the operating system for present purposes) includes a hierarchy of "view" and "gesture recognizer" classes, including subclasses that are configured to recognize throw gestures and to facilitate reaction to them. When an application starts up and initializes its execution environment, instances of these view and gesture recognizers are created, directly or indirectly, by the application so as to result in the correct recognition of the accused throw gesture by the user. The application code must specify certain parameters when the view and gesture recognizers are instantiated, and subsequently may affect decisions made based on what the gesture recognizer reports. The application source code reflecting this instantiation and subsequent interpretation of and reaction to recognized gestures has not been produced.

In lay terms, performance of the infringing function on the accused devices—shown in FlatWorld's invalidity contentions and the videos that accompanied FlatWorld's Patent L.R. 3-1(c) disclosure—is the result of the behaviors of the application code and the operating system code, and the interaction between them. Apple has produced only *some* of the code of one participant, the operating system, within this interaction. And though Apple is expected to argue that the portion of the operating system code that it produced is the only material part of the interaction, as in conversations between people, one must hear both sides to understand what is being said. In sum, to understand how the accused throwing gesture function of the accused applications works, reviewers must inspect the application source code.

1         Apple is expected also to argue that it has produced, or will soon or in the future produce, all of the application code "that FlatWorld requested." This is not true. They refer to conferences and emails in which FlatWorld's counsel attempted to describe the missing portions of the accused gesture recognition and image manipulation code. In contrast, the above requests for production of source code documents, in the aggregate, encompass *all* of the source code of Apple's applications. This code was identified as missing and requested on January 2, and should have been produced by now. But Apple has asked its engineers to select snippets of application source code for production. As Apple admits, its engineers already have full time jobs and internal deadlines to meet, so they take too long to cherry-pick code for production to FlatWorld—over six weeks in this case, from January 2 when application source code was identified as missing until February 15 when Apple promises to produce selected snippets of the application code. FlatWorld's experience has shown that these cherry-picked snippets, either intentionally or unintentionally, fail to tell the whole story. FlatWorld's reviewers know what they need to understand how the accused applications perform the accused function, and unlike Apple's busy engineers, they can devote their full time and attention to reviewing the source code to find it. Accordingly, FlatWorld requests that *all* accused application source code be produced.

## CONCLUSION

        For the foregoing reasons, FlatWorld respectfully requests that the Court grant this motion to compel in its entirety.

DATED: January 31, 2013        HAGENS BERMAN SOBOL SHAPIRO LLP

By    /s/ *Steve W. Berman*
      Steve W. Berman (*Pro Hac Vice*)

Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

PLAINTIFF'S MOTION TO COMPEL DISCOVERY     - 16 -

005012-11 583056 V1

| | |
|---|---|
| 1 | |
| 2 | Jeff D. Friedman (173886)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 |
| 4 | Telephone:  (510) 725-3000<br>Facsimile:   (510) 725-3001 |
| | jefff@hbsslaw.com |

*Attorneys for Plaintiff*
*FlatWorld Interactives LLC*

PLAINTIFF'S MOTION TO COMPEL DISCOVERY         - 17 -

005012-11  583056 V1

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document along with PROPOSED ORDER, DECLARATION OF MARK CARLSON, and DECLARATION OF RYAN MEYER have been served on January 31, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

                                                /s/ *Steve W. Berman*
                                                          Steve W. Berman