IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant.<br>_____ / | No. C 12-01956 JSW<br><br>**ORDER REQUIRING AMENDED JOINT CLAIMS CONSTRUCTION AND PREHEARING STATEMENT** |

The Court has reviewed the parties' joint claims construction and prehearing statement and finds that it does not comply with the requirements set forth by the Northern District Local Patent Rules and this Court's Standing Orders. The Local Patent Rules and the Court's Standing Order for Patent Cases limit the number of terms for construction to ten terms. Moreover, the Court's Standing Order requires that the joint claim construction statement "be truly joint" and that "[f]or any term in dispute, the parties must agree on the identity of the term."   (Standing Order for Patent Cases, ¶ 1.)

In the parties joint claim construction statement, several of the terms actually include more than one term or phrase.  For example, the parties seek the construction of the phrase "when the point being touched is being continually moved" and "responding to a continuing touch that moves the image" and count these two different phrases as one term.  This is not permissible.

Additionally, the parties have not agreed on the identity of several of the terms.  For example, while Flatworld Interactives LLC ("Flatworld") seeks to have the Court construe

"when the point being touched is being continually moved" and "responding to a continuing touch that moves the image," Apple, Inc. ("Apple") seeks to have the Court construe only a portion of these two phases, "is being continually moved" and "continuing touch."

Under term number 8, Apple seeks the Court to construe three different terms with the same meaning, but Flatworld seeks the Court to construe each of these three terms separately. Therefore, the parties have not agreed on the single term for the Court's construction.

Term number 9 is problematic as well. First, the parties do not agree on whether the phrase selected by Apple constitutes a term that is proper for construction. The Court is inclined to agree with Flatworld that the phrase selected by Apple for construction is more than one term, and instead, is a significant portion of a claim. Second, while Apple seeks one construction of this entire phase, Flatworld breaks it down into several different phases. Therefore, the parties have not agreed on the identity of the term. Finally, the Court notes that Flatworld improperly identifies portions of the phrases with "etc.," instead of stating the full term or phrase.

Therefore, the Court HEREBY ORDERS that the parties shall file an amended joint claims construction and prehearing statement that fully complies with the requirements set forth by the Northern District Local Patent Rules and the Court's Standing Order. The parties shall filed their amended joint claims construction and prehearing statement by no later than May 24, 2013. Flatworld shall file an amended opening claim construction brief by no later than July 8, 2013. Apple shall file an amended responsive claim construction brief by no later than July 22, 2013. Flatworld shall file an amended claim construction reply brief by no later than July 29, 2013. The tutorial and claims construction hearing are CONTINUED to August 27 and September 3, 2013 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: April 24, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California