Edward W. Smithers (121268)
ews@smitherslf.com
Mary Ann O'Hara (136379)
mao@smitherslf.com
SMITHERS LAW FIRM
160 West Santa Clara Street, Suite 1025
San Jose, CA 95113-1700
(408) 271-1200 (telephone)
(408) 271-1201 (facsimile)

ATTORNEY FOR THIRD PARTY WITNESS
REMBRANDT IP MANAGEMENT, LLC

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES, LLC<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | Case No.: 3:12-CV-01956-JSW (EDL)<br><br>**DECLARATION OF MATTHEW GENKIN ON BEHALF OF THIRD PARTY WITNESS REMBRANDT IP MANAGEMENT, LLC PURSUANT TO CIVIL LOCAL RULE 79-5(D) IN SUPPORT OF SEALING EXHIBITS 31 AND 32 TO THE DECLARATION OF MICHAEL T. PIEJA** |

DECLARATION OF M. GENKIN ON BEHALF OF THIRD PARTY WITNESS REMBRANDT IP MANAGEMENT, LLC, ETC.
CASE NO. 3:12-CV-01956-JSW (EDL)
SMITHERS LAW FIRM

- 1 -

I, Matthew T. Genkin, declare as follows:

1. I am employed by third party witness Rembrandt IP Management, LLC ("Rembrandt") as an attorney and make this Declaration on behalf of Rembrandt's request to seal Exhibits 31 and 32 as discussed below. I have been personally involved in the efforts of Rembrandt to respond to the subpoena issued by defendant Apple Inc. ("Apple") in this action. Rembrandt's business model focuses on assisting owners of United States patents to realize the value of their intellectual property through patent enforcement, often in the form of patent litigation. I have personal knowledge of the facts and circumstances set forth in this Declaration. If called as a witness, I could, and would, testify competently to the matters set forth herein. I make this Declaration pursuant to Civil Local Rule 79-5(d).

2. On May 8, 2013, Apple moved this Court, pursuant to Local Rule 79-5(d), for leave to file under seal portions of its brief in support of its Motion to Disqualify Hagens Berman Sobol Shapiro LLP and two Exhibits to the accompanying Declaration of Michael T. Pieja (Dkt No. 124) in support of that disqualification motion. Concurrent with the filing of that administrative motion, Apple lodged with the Court its Motion to Disqualify Hagens Berman Sobol Shapiro LLP and the Declaration of Michael T. Pieja with Exhibits. Apple lodged redacted versions of Exhibits 31 and 32 to Michael T. Pieja's Declaration, because they contained information designated by Rembrandt as "Confidential" under the terms of the Protective Order issued in this action.

3. Exhibits 31 and 32 were previously produced by Rembrandt to Apple, in unredacted form, in response to Apple's third party subpoena of Rembrandt, dated March 4, 2013. Rembrandt designated such documents as "Confidential," because they contained confidential and commercially sensitive information of Rembrandt. Specifically, the documents reveal confidential information exchanged between Rembrandt and the plaintiff herein, FlatWorld Interactives, LLC ("FlatWorld") that was subject of a Nondisclosure Agreement being negotiated by Rembrandt and FlatWorld.

4. Notwithstanding Apple's partial redaction of such Exhibits 31 and 32, the documents still contain confidential and commercially sensitive Rembrandt information:

DECLARATION OF M. GENKIN ON BEHALF OF THIRD PARTY WITNESS REMBRANDT IP MANAGEMENT, LLC, ETC.
CASE NO. 3:12-CV-01956-JSW (EDL)
SMITHERS LAW FIRM

- 2 -

- 3 -

      a. **Exhibit 31** contains confidential communications between a Rembrandt attorney and a principal of FlatWorld regarding the negotiation of a non-disclosure agreement between the parties, and discloses other sensitive information about Rembrandt's business.

      b. **Exhibit 32** also contains confidential communications between a Rembrandt attorney and a principal of FlatWorld regarding the negotiation of a non-disclosure agreement between the parties.

5. Rembrandt considers the existence of its relationships with prospective business partners such as FlatWorld to be confidential. Rembrandt's policy is to protect its communications with prospective business partners, and those communications are routinely the subject of nondisclosure agreements. Notwithstanding the fact that Apple has already disclosed Rembrandt's identity in a public filing in this action, Rembrandt would like to limit any additional disclosures.

6. Rembrandt is not a party to this action and has no stake in this action. As such, Rembrandt respectfully requests that its confidential and commercially sensitive information be sealed so it does not become publicly available.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of May, 2013, at Bala Cynwyd, Pennsylvania.

*/s/ Matthew T. Genkin*
Matthew T. Genkin

DECLARATION OF M. GENKIN ON BEHALF OF THIRD PARTY WITNESS REMBRANDT IP MANAGEMENT, LLC, ETC.
CASE NO. 3:12-CV-01956-JSW (EDL)
SMITHERS LAW FIRM

- 3 -

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 15, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.1(h).

/s/ *Edward W. Smithers*
Edward W. Smithers

DECLARATION OF M. GENKIN ON BEHALF OF THIRD PARTY WITNESS REMBRANDT IP MANAGEMENT, LLC, ETC.
CASE NO. 3:12-CV-01956-JSW (EDL)
SMITHERS LAW FIRM

- 4 -