IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES, | No. C -12-01956 JSW (EDL) |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| APPLE INC., | |
| Defendant. | |

As part of the Court's April 22, 2013 ruling regarding Plaintiff's Motion to Compel, the Court ordered Defendant to file a declaration setting forth the burden associated with the relevant protective order and third party confidentiality issues that could arise from producing redacted versions of damages expert reports, whether initial, supplemental, or rebuttal, exhibits thereto, and trial testimony and exhibits thereto relating to damages, from the Motorola v. Apple litigation in the Northern District of Illinois. Defendant filed that declaration on April 23, 2013, and Plaintiff filed a response on April 26, 2013. As ordered by the Court, Defendant filed a second declaration on May 10, 2013. The Court has reviewed the parties' filings and issues the following Order.

In Defendant's counsel's initial declaration, counsel stated that the expert in the Motorola litigation, Bruce Napper, submitted three expert reports, two of which would be subject to discovery here because they are related to Defendant's claims of infringement. Apr. 23, 2013 Pieja Decl. ¶ 5. Counsel stated that Napper's initial report contained confidential information from Motorola, as well as from approximately 125 other third parties. Id. ¶ 7. According to counsel, the parties in Motorola agreed that a copy of Napper's initial expert report with Motorola's confidential information

redacted could be shown to the clients in Motorola pursuant to an agreement between the parties. Id. ¶ 6. A redacted copy of the initial expert report was created. Id. Counsel attested to the burden of seeking to redact all of the other third party confidential information. Id. ¶ 10.

In his second declaration, Defendant's counsel clarified that in Motorola, before showing the initial Napper report to the clients in that case, Defendant notified and received permission from the relevant third parties whose confidential information was contained in the initial Napper report. May 10, 2013 Pieja Decl. ¶ 2. Counsel stated that he has recently looked at two dozen of the confidential references in the Napper report and has concluded that permission from third parties would need to be obtained each time the information is disclosed, so Defendant would have to seek permission to produce that information in this case. Id. ¶ 3. Counsel also stated that many of the patent references in the initial Napper report are irrelevant because they relate to Motorola's claims against Apple regarding Motorola's patents, which did not relate to the interface technologies at issue in this case. Id. ¶ 4.

Defendant has shown that the burden of production of the initial Napper report relating to damages in the Motorola case is somewhat disproportionate to the benefit that would be realized by its production, particularly because of the irrelevance of some of the information which would either have to be redacted or permission sought from third parties to disclose. Fed. R. Civ. P. 26(b)(2)(C)(iii). Defendant's burden could be mitigated by conditioning production of the initial Napper report on Plaintiff paying Defendant's reasonable fees and costs associated with obtaining permission from third parties and/or redacting third party confidential references. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978) ("Under those [discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery."). If Plaintiff chooses to pay those fees and costs, Defendant should produce the initial Napper report after obtaining consent from the relevant third parties and redacting any information for which consent is denied.

Defendant's counsel states that Napper's supplemental report does not contain any

confidential third party information other than information from Motorola, and that a copy of the report with Motorola's confidential information redacted has already been generated. Therefore, Defendant shall produce the redacted supplemental Napper report.

IT IS SO ORDERED.

Dated: May 14, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge