# EXHIBIT 18

Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC, a California corporation,<br><br>Defendant. | No. C 12-01956 JSW<br><br>FLATWORLD'S RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Plaintiff FlatWorld Interactives LLC ("FlatWorld") serves its answers and objections to Defendant Apple Inc.'s ("Apple") Third Set of Interrogatories. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, FlatWorld reserves the right to supplement its answers.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference and made a part of the objection and response to each specific interrogatory:

1. By responding to these interrogatories, FlatWorld does not waive objections to the admission into evidence of these answers on the grounds of relevance, materiality, or any other proper grounds for objection.

2. FlatWorld objects to these interrogatories to the extent that they exceed the scope permissible under the Federal Rules of Civil Procedure.

3. FlatWorld objects to these interrogatories to the extent they seek information protected by the attorney-client privilege and/or work-product doctrine and on that basis will not provide any such privileged information.

4. FlatWorld objects to these interrogatories to the extent that they purport to call for information that is publicly available, or in Apple's possession, custody, and/or control, on the grounds that such information is either more or equally available to Apple and the provision of such information by FlatWorld would be unnecessarily burdensome.

5. FlatWorld objects to these interrogatories, and the definitions and instructions contained therein, to the extent they are vague, ambiguous, overbroad, burdensome, oppressive and/or harassing.

6. FlatWorld objects to these interrogatories to the extent they are overbroad and/or unduly burdensome in time and/or scope.

7. Discovery has just begun in this case, and any answer to these interrogatories is based upon information presently known to FlatWorld and is without prejudice to its right to supplement its answer and introduce as evidence any subsequently discovered information.

8. FlatWorld objects to the extent the burden or expense imposed by any interrogatory outweighs its likely benefit.

9. FlatWorld objects to each interrogatory, and to the "Definitions" and "Instructions" used by Apple, to the extent that any interrogatory, definition or instruction:

   a. purports to impose any requirement or discovery obligation on FlatWorld other than those set forth in the federal or local rules governing this case;

   b. purports to impose any requirement or discovery obligation on FlatWorld beyond that set forth in the Scheduling Order or other orders entered or which may be entered in this case;

   c. is unduly burdensome, oppressive, overly broad, ambiguous, confusing, or vague;

   d. is not relevant to any claim or defense of any party, is not likely to lead to the discovery of admissible evidence, and/or is otherwise outside the bounds of discoverable information;

   e. is duplicative or unreasonably cumulative of other discovery;

   f. seeks information not within the possession, custody or control of FlatWorld;

   g. calls for FlatWorld to draw a legal conclusion in order to respond;

   h. requires the creation of information that FlatWorld is not required to create; or

   i. requires information not kept or maintained by FlatWorld.

10. FlatWorld objects to each interrogatory to the extent it prematurely seeks the disclosure of expert opinions and other discovery from or concerning experts. FlatWorld will disclose expert opinions pursuant to the Proposed Scheduling Order or other orders entered or which may be entered in this case, and in keeping with the scope restrictions set forth in the Federal Rules of Civil Procedure.

11. FlatWorld objects to each interrogatory to the extent that it calls for information provided by FlatWorld pursuant to Patent Local Rule 3-1.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 14:

Identify on a year-by-year basis from 1997 to the present, the amount of and the source of funding for, (1) total expenditures related to prosecution of the Patent-in-Suit, any Related Patents, and the prosecution of any other patents owned by FlatWorld or Slavoljub Milekic, and (2) total expenditures related to the development by FlatWorld or Slavoljub Milekic of any software that implements, utilizes, or relates to the Patent-in-Suit, any Related Patents, and any other patents owned by FlatWorld or Slavoljub Milekic. For the purpose of this interrogatory, "expenditures" include any form of compensation, including without limitation cash payments and contingency agreements.

### ANSWER:

In addition to the General Objections set forth above, FlatWorld specifically objects to this interrogatory to the extent it seeks information and documents protected by the attorney-client privilege or work product doctrine. FlatWorld further objects to this interrogatory as overbroad, burdensome, and harassing because it seeks information that is not relevant to any claim or defense of any party, is not likely to lead to the discovery of admissible evidence, and/or is otherwise outside the bounds of discoverable information. How Dr. Milekic and FlatWorld paid for patent prosecution and development of software that "implements, utilizes, or relates to" patents owned by Dr. Milekic or FlatWorld, and the source of these funds, has no relevance to any claim or defense in this case, nor is this information likely to lead to the discovery of admissible evidence or otherwise discoverable information. This interrogatory is further objectionable because it specifically seeks information regarding patents which are not at issue in this litigation.

Subject to and without waiving any of the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), for years prior to 2006, FlatWorld identifies business record documents having Bates Nos. FWAPP00001521-35, 1588-90 and 7020-7037 from which information that is responsive to this interrogatory can be derived. For years 2006-2012, FlatWorld identifies business record documents having Bates Nos. FWAPP00005612-16, 6987-96, and 7007-08 from which

information that is responsive to this interrogatory can be derived.  In addition, Jennifer McAleese made a $4000 contribution to FlatWorld for the purpose of paying programmer Jacque Landman Gay for her work on ShowMe Tools.  This contribution occurred sometime in 2008.

**INTERROGATORY NO. 15:**

Identify with particularity each and every communication, event, or circumstance by which FlatWorld was informed or became aware that Apple was a client of any law firm of which John McAleese III was a partner, and for each and every such communication, event, or circumstance describe in detail how FlatWorld gained that knowledge and what precautions, actions, or steps FlatWorld undertook, if any, upon gaining that knowledge.

**ANSWER:**

In addition to the General Objections set forth above, FlatWorld specifically objects to this interrogatory as overbroad, burdensome, and harassing because it seeks information that is not relevant to any claim or defense of any party, is not likely to lead to the discovery of admissible evidence, and/or is otherwise outside the bounds of discoverable information.

Subject to and without waiving any of the foregoing objections, FlatWorld states that FlatWorld first became aware that Apple was a client of Morgan Lewis & Bockius LLP ("MLB") in or about March, 2012, shortly before the Complaint in this case was filed.  John McAleese verbally informed Jennifer McAleese of this fact and also that he would inform MLB of FlatWorld's intention to file suit against Apple.  See MLB_A0000028 and MLB_A0000036-37.  FlatWorld took no action based on this information nor did this information affect the filing of the Complaint.  At no time have Jennifer McAleese or FlatWorld requested or received any confidential information or documents pertaining to Apple from John McAleese or MLB.

DATED: May 3, 2013                    HAGENS BERMAN SOBOL SHAPIRO LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By   /s/ Steve W. Berman
       Steve W. Berman (*Pro Hac Vice*)

Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

*Attorneys for Plaintiff*
*FlatWorld Interactives LLC*

FLATWORLD'S RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES

- 5 -

# CERTIFICATION OF SERVICE

I, Steve W. Berman, hereby certify that a true and correct copy of FLATWORLD'S RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES were served on May 3, 2013 by e-mail to:

Michael T. Pieja (SBN 250351)
mpieja@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224
Aaron Taggart (SBN 258287)
ataggart@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
180 N LaSalle, Suite 2215
Chicago, IL 60601
Telephone: (312) 216-1620
Facsimile: (312) 216-1621

*/s/ Steve W. Berman*
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP

FLATWORLD'S RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES