Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:   (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:    (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. C 12-01956 JSW<br><br>**FLATWORLD'S ADMINISTRATIVE MOTION FOR *IN CAMERA* REVIEW OF CERTAIN PRIVILEGED DOCUMENTS**<br><br>**NOTED FOR DECISION ON JUNE 18, 2013**<br><br>**JURY TRIAL REQUESTED**<br><br>**DATE ACTION FILED:** April 19, 2012 |

Plaintiff FlatWorld Interactives LLC ("FlatWorld") respectfully requests that the Court review *in camera* all documents that Apple's motion to disqualify Hagens Berman Sobol Shapiro LLP ("Hagens Berman") relies upon that were created either shortly before or any time after the date that Hagens Berman was engaged in this litigation.  *See Meyer Decl.* at ¶ 2.  This encompasses only 26 documents, which total only approximately 42 pages.  These documents are described in an excerpt from the John McAleese amended privilege log and an excerpt from FlatWorld's privilege log, which are attached as Exhibit A to the Declaration of Ryan Meyer ("Meyer Decl."), concurrently filed as required by Local Civil Rule 7-11(a).[1]  Prior to filing this motion, FlatWorld requested that Apple state whether it would oppose.  Apple refused to take a position, but reserved its right to oppose.  *Meyer Decl.* at ¶ 3.

Apple's Motion to Disqualify Hagens Berman (*Dkt.* #134) is predicated on Apple's allegation that John McAleese should be treated as co-counsel to Hagens Berman in this litigation based upon the nature and extent of his direct or indirect contacts with Hagens Berman attorneys.  Because of the alleged co-counsel relationship between Hagens Berman and Mr. McAleese, Apple argues that disqualification and/or confidential information should be imputed vicariously from Mr. McAleese and/or Morgan Lewis & Bockius ("MLB") to Hagens Berman.  Apple argues that Mr. McAleese must be deemed to be Hagens Berman's co-counsel because he provided legal advice and confidential Apple information either directly to Hagens Berman attorneys, or indirectly by using his wife Jennifer McAleese as a "conduit."  For both arguments, Apple relies primarily on speculation about privilege log entries for email strings that were forwarded to Mr. McAleese by "FlatWorld"—in all instances, in fact, by his wife Jennifer—and one reply email that he sent to his

---

[1] FlatWorld identifies the following documents as communications between John and Jennifer McAleese that have occurred since January, 2012, and that are relied upon by Apple in its motion to disqualify Hagens Berman, for in camera review:

JMPriv004, JMPriv005, JMPriv007, JMPriv009, JMPriv010, JMPriv011, JMPriv013, JMPriv014, JMPriv017, JMPriv018, JMPriv20, JMPriv021, JMPriv023, JMPriv026, JMPriv027, JMPriv028, JMPriv030, JMPriv032, JMPriv035, JMPriv036, JMPriv037, JMPriv038, JMPriv039, JMPriv225, JMPriv226, PRIV0407.

Duplicates of some of these documents appear also on the privilege logs of other entities.

ADMINISTRATION MOTION FOR *IN CAMERA* REVIEW

Case No. 3:12-01956-JSW                                 - 1 -

1    wife and one email sending an HTML link to his wife, during the interval from shortly before

2    Hagens Berman was engaged through the present.

3          FlatWorld's hands are tied in disputing Apple's mischaracterizations of these documents,

4    because it cannot correct them without putting the applicable privileges at risk.  The Court should

5    not have to rely on Apple's lurid conjecture about the substance of these documents, or pick

6    between the parties' respective characterizations of them in a vacuum.  And FlatWorld should not

7    be forced to waive privileges as the price to defend its choice of counsel.  Rather, the Court should

8    review the documents that Apple relies upon to impute disqualification from Mr. McAleese/MLB

9    to Hagens Berman, and form its own conclusions.  Because Jennifer McAleese asserts the spousal

10   privilege for these documents, and because some of Mrs. McAleese's emails to her husband

11   forward FlatWorld attorney-client communications, FlatWorld requests that the Court review them

12   *in camera*.

13         In addition, on March 1, 2013, Mr. McAleese sent Mark Carlson, of Hagens Berman, an

14   email request to draft language for an agreement with Apple to produce all documents that

15   FlatWorld's privilege log indicates were authored or received by Mr. McAleese, provided that

16   Apple would agree that production does not waive any applicable privileges.  This document

17   resides on the servers of MLB, but was not produced in response to either Apple or FlatWorld's

18   subpoenas, nor was it logged on either Apple's or MLB's privilege log for MLB's document

19   production, so the only copy available to FlatWorld is on Hagens Berman's server.  Nevertheless,

20   Apple has recently asserted that this document contains a confidential Apple attorney-client

21   communication.  FlatWorld sees no basis for this claim of privilege or confidentiality, and wishes

22   to use this document in its opposition papers to demonstrate that Apple both knew of and

23   encouraged Mr. McAleese's communications with Hagens Berman about Apple's objection to

24   FlatWorld's privilege log.  In view of Apple's claim of privilege for this document, however,

25   FlatWorld requests that the Court review this two-page email *in camera*, as well.

26         Finally, at page 22 of Apple's disqualification motion (*Dkt.* #134), Apple alleges that a

27   change to the description of entry PRIV0473 of FlatWorld's privilege log "appears designed to

28   conceal [John McAleese's] involvement with FlatWorld and his role as a legal adviser."  The

1  underlying communication includes Gordon Nelson, FlatWorld's patent prosecuting attorney, as a
2  recipient and internally addresses the need for additional legal advice.  To address Apple's
3  allegation, FlatWorld requests that the Court also review this single-page email *in camera.*

4  For the reasons stated above, and to better inform the Court in deciding Apple's motion for
5  disqualification, FlatWorld respectfully requests that the Court review the listed documents *in*
6  *camera*.  FlatWorld will await the Court's ruling on this administrative motion, then if the Court
7  agrees, promptly lodge copies of the documents described herein with the Court.

8  DATED:  June 11, 2013                HAGENS BERMAN SOBOL SHAPIRO LLP

9  By  /s/ *Steve W. Berman*
      Steve W. Berman (*Pro Hac Vice*)

10

11  Mark S. Carlson (*Pro Hac Vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
12  Seattle, WA 98101
    Telephone:  (206) 623-7292
13  Facsimile:   (206) 623-0594
    steve@hbsslaw.com
14  markc@hbsslaw.com

15  Jeff D. Friedman (173886)
    HAGENS BERMAN SOBOL SHAPIRO LLP
16  715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
17  Telephone:  (510) 725-3000
    Facsimile:   (510) 725-3001
18  jefff@hbsslaw.com

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.  Any non-CM/ECF participants will be served by electronic mail, facsimile and/or overnight delivery.

      /s/ Steve W. Berman
    STEVE W. BERMAN