| | |
|---|---|
| 1 | Jeff D. Friedman (173886) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | 715 Hearst Avenue, Suite 202 |
| | Berkeley, CA 94710 |
| 3 | Telephone: (510) 725-3000 |
| | Facsimile: (510) 725-3001 |
| 4 | jefff@hbsslaw.com |

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. C 12-01956 JSW<br><br>**DECLARATION OF RYAN MEYER IN OPPOSITION TO APPLE INC.'S MOTION TO DISQUALIFY HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>**Noticed hearing date and time:**<br>July 26, 2013, 9:00 AM, Courtroom 11 |

DECLARATION OF RYAN MEYER
No. C 12-01956 JSW

I, Ryan Meyer, declare:

1. I am an attorney at Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), attorneys of record for FlatWorld Interactives LLC ("FlatWorld") in this matter. I make this declaration based upon my personal knowledge and am competent to testify as to the matters stated herein.

2. I have been involved with the present case since at least October, 2012.

3. I have never met or spoken with John McAleese. I do not regard him as co-counsel to Hagens Berman in this litigation.

4. I was unaware that Jennifer McAleese had forwarded any email communications and/or Apple pleadings from Hagens Berman to John McAleese.

5. The first time that I learned of any relationship between Morgan Lewis & Bockius LLP ("MLB") and Apple Inc. ("Apple") was after John McAleese's call to Mark Carlson on February 26, 2013.

6. I have been the attorney primarily responsible for gathering FlatWorld's documents and its document production. To the best of my knowledge, all documents in the possession, custody, or control of FlatWorld, Jennifer McAleese, or Slavoljub Milekic that are responsive to this Court's disclosure requirements or Apple's discovery requests have either been produced or listed on a privilege log, though a small number of responsive documents were unintentionally overlooked. I am not aware of any documents that have been intentionally destroyed, concealed, or mischaracterized, or that are responsive but intentionally withheld and not logged. When I worked with FlatWorld to locate and produce documents, our strategy was to cast as wide of a net as possible to identify and either produce or log every document in FlatWorld's possession that could reasonably be responsive to Apple's discovery requests or that was clearly relevant to some claim or defense in this case. FlatWorld has updated and corrected its privilege log as necessary, with the last update being sent to Apple on May 31, 2013.

7. Apple alleges that some documents appear on the privilege log of John McAleese or MLB but not the privilege log of FlatWorld, and that this somehow indicates that FlatWorld and/or Hagens Berman has either hidden or intentionally destroyed documents. No documents have been

DECLARATION OF RYAN MEYER
No. C 12-01956 JSW

- 1 -

1  hidden or intentionally destroyed by either FlatWorld or Hagens Berman, and Apple's allegations
2  and innuendo to the contrary are false.  To determine the status of each document that Apple
3  alleges was intentionally withheld or destroyed, Hagens Berman has undertaken to examine the
4  privilege logs and each of the underlying documents.  The results of that investigation, and the
5  differences in the documents listed on the privilege logs, are explained as follows:
6      a.  Eighty-two of the emails, email threads[1], or other documents appearing on the
7  privilege log of John McAleese or MLB but not on FlatWorld's privilege log do not appear to be
8  responsive to any discovery request served on FlatWorld prior to June 6, 2013.  FlatWorld, John
9  McAleese, and MLB each responded to <u>different</u> sets of requests for production.  Apple served one
10 set of requests for production on FlatWorld in November, 2012, well before Apple became
11 concerned about John McAleese, and three sets of requests since February, 2013.  The first two of
12 the most recent sets of document requests were directed to (1) discovery in the filed LG and
13 Samsung cases which involve the patent-in-suit and (2) the materials that FlatWorld plans to use at
14 the claim construction tutorial.  Until June 6, none of Apple's requests for production to FlatWorld
15 mentioned John McAleese, and none of them requested every communication that FlatWorld or its
16 principals have ever had with any entity, regardless of the subject of that communication.[2]  By
17 contrast, Apple has requested that John McAleese and MLB produce <u>any</u> communications with or
18 relating to FlatWorld or its principals, regardless of subject matter or relevance to the claims or
19 defenses of the present case.  As one example, Request No. 2 of the March 1, 2013 subpoena to
20 John McAleese seeks "[a]ny communications between You and Jennifer McAleese that relate to
21 FlatWorld Interactives, Slavoljub Milekic, Gordon Nelson, John J. Kenney, Michael Bonella,
22 Kevin Casey, Jonathan Taub, Cecil Key, or any party representing or affiliated therewith, including
23 any attorney acting for or on behalf of any of the listed people or entities, and including without
24 limitation any communications relating to U.S. Patent RE43,318 or U.S. Patent 6,920,619."

---

[1] Each email thread appearing on the privilege logs of John McAleese or MLB was separated into its individual subsections, thus expanding the number of entries on those logs.

[2] Apple served requests for production on the evening of June 6, 2013 which, for the first time, broadly seek these previously non-responsive, and immaterial, documents from FlatWorld. FlatWorld will respond and/or object to these requests and produce or log any responsive documents.

DECLARATION OF RYAN MEYER     - 2 -

No. C 12-01956 JSW

1    Similarly, Request No. 1 of the March 1, 2013 subpoena to MLB seeks "[a]ny communications
2    between You, including any of your partners, associates, and employees (and specifically including
3    John J. McAleese), and FlatWorld Interactives, Slavoljub Milekic, Jennifer McAleese, Gordon
4    Nelson, John J. Kenney, Michael Bonella, Kevin Casey, Jonathan Taub, Cecil Key, or any party
5    representing or affiliated therewith, including any attorney acting for or on behalf of any of the
6    listed people or entities, and including without limitation any communications relating to U.S.
7    Patent RE43,318 or U.S. Patent 6,920,619." As a result, Mr. McAleese and MLB listed on their
8    privilege logs, as one example, emails in which John McAleese and Jennifer McAleese discussed
9    meeting with a CPA who helped FlatWorld file its taxes because this qualified as <u>any</u>
10   communication involving John McAleese relating to FlatWorld. Apple did not serve this request
11   for production on FlatWorld. FlatWorld never produced or logged these communications because
12   none of Apple's requests for production reasonably sought such documents (until Apple served
13   new requests for production on June 6) nor do they have any obvious relevance to any claim or
14   defense in the case (in this example, Apple did not request from FlatWorld communications
15   relating to FlatWorld's tax planning nor is it clear how such documents would be relevant to any
16   claim or defense in this case). As another example, certain of the documents were not responsive
17   because they contained attorney-client communications dated after the date the Complaint in this
18   case was filed, and both Apple and FlatWorld have followed a procedure of not producing or
19   logging such documents. Those documents did not become responsive simply because they were
20   forwarded from Jennifer McAleese to her spouse, John McAleese. Accordingly, most of the
21   documents that Apple alleges that FlatWorld failed to list on its privilege log, but were listed by
22   John McAleese or MLB, were never listed or produced because they were simply not responsive to
23   the requests for production served on FlatWorld at that time (though they may have been
24   responsive to the subpoenas to John McAleese and MLB), had no obvious relevance to this
25   litigation, or contained attorney-client communications dated after the filing date of the Complaint
26   in this case.
27         b.    Three of the documents listed on the privilege logs of John McAleese or MLB but
28   not on FlatWorld's privilege log were produced. Document MLB_F0000180 was produced by

DECLARATION OF RYAN MEYER                - 3 -

No. C 12-01956 JSW

FlatWorld as FWAPP00002556. Document JMPriv143A was produced by FlatWorld as FWAPP00003930. Document JMPriv155 was produced by FlatWorld as FWAPP00006751.

    c.    Twelve of the emails or email threads listed on the privilege logs of John McAleese or MLB but allegedly not on FlatWorld's privilege log are listed on FlatWorld's privilege log:

| Entry from Privilege Logs of John McAleese or MLB | Entry from FlatWorld's Privilege Log |
|---|---|
| JMPriv041 | PRIV0215D[3] |
| JMPriv045 | PRIV0783 |
| JMPriv049F | PRIV0386B |
| JMPriv049G | PRIV0386C |
| JMPRIV049H | PRIV0386D |
| JMPriv052G | PRIV0386B |
| JMPriv052H | PRIV0386C |
| JMPriv052I | PRIV0386D |
| JMPriv057E | PRIV0386B |
| JMPriv057F | PRIV0386C |
| JMPriv057G | PRIV0386D |
| JMPriv062E | PRIV0386B |
| JMPriv062F | PRIV0386C |
| JMPriv062G | PRIV0386D |
| JMPriv065D | PRIV0386B |
| JMPriv065E | PRIV0386C |
| JMPriv065F | PRIV0386D |
| JMPriv070B | PRIV0386D |
| JMPriv075B | PRIV0386D |
| JMPriv075C | PRIV0386D |
| JMPriv077A | PRIV0625F |
| JMPriv192A | PRIV0761 |
| MLB_F0000258A | PRIV0761A |

    d.    Well before this litigation began, Jennifer McAleese used other email accounts which have since been closed and to which she no longer has access. These email accounts were closed in 2008 and 2009 before FlatWorld could have pursued litigation against Apple since the patent was then undergoing reissue examination. The circumstances of why these email accounts were closed are explained in the concurrently filed Declaration of Jennifer McAleese. To the best

---

[3] The presence of a letter after the privilege number represents a subpart of one thread. The bulk of the documents in this category represent subparts of one email thread, which was listed on FlatWorld's privilege log as PRIV0386.

DECLARATION OF RYAN MEYER      - 4 -

No. C 12-01956 JSW

of my knowledge, neither of these accounts were closed with the intent of concealing or destroying information, nor are they likely to have contained any information that would be material to resolving any of the claims or defenses in this case (*i.e.*, their contents have no significant relevance to infringement, invalidity, etc.). Eight emails or email threads listed on the privilege logs of John McAleese and/or MLB were not produced because they were sent to or from one of these closed email accounts and were no longer in the possession of FlatWorld.

    e.    The remaining thirty-six documents were overlooked despite the reasonable and thorough search of paper and electronic documents conducted by FlatWorld to respond to Apple's discovery requests. None of these documents were purposely withheld, concealed, or destroyed. All of these documents are privileged and would have been entered on FlatWorld's privilege log had they been located. These twenty-two documents represent a relatively small number when compared to FlatWorld's 440-page privilege log listing 1,316 privileged communications, between 2 and 3 percent of the total.

    f.    Rembrandt IP also received a third party subpoena from Apple and produced documents and a privilege log in response to that subpoena. Seven of the emails or email threads[4] that appeared on Rembrandt's privilege log but not on FlatWorld's privilege log were simply not in the possession of FlatWorld because they were sent to or from Jennifer McAleese's closed FlatWorld Interactives email account. The concurrently filed Declaration of Jennifer McAleese explains the reason that this account was deactivated in 2009. One document REM-00000867 was, in fact, produced by FlatWorld as FWAPP00006809. Two emails and one letter were inadvertently not listed on the privilege log because they were overlooked, not because they were purposely concealed, withheld, or destroyed. These three documents would have been listed on FlatWorld's privilege log had they been located. Again, this is a relatively small number of documents when compared to the total length and number of entries on FlatWorld's privilege log.

    8.    I am unaware of any confidential Apple information given to me, Hagens Berman, or anyone employed by or working on behalf of Hagens Berman, by John McAleese, Jennifer

---

[4] Each email thread appearing on Rembrandt IP's privilege log was separated into its individual subsections, thus expanding the number of entries on the log.

DECLARATION OF RYAN MEYER      - 5 -

No. C 12-01956 JSW

1 McAleese, or Slavoljub Milekic. The only confidential Apple information that I have seen was
2 produced by Apple in response to this Court's disclosure requirements and FlatWorld's discovery
3 requests.

4     9.     I have reviewed Apple's Motion to Disqualify Hagens Berman, the supporting
5 Declaration of Michael Pieja, and the exhibits thereto. I understand that Apple represents that John
6 McAleese used Jennifer McAleese as a conduit to indirectly communicate confidential Apple
7 information and legal advice to Hagens Berman. To the best of my knowledge, these
8 representations are utterly false. I understand also that Apple accuses Hagens Berman of
9 intentionally destroying documents. To the best of my knowledge, these accusations are utterly
10 false and offensive.

11     10.     On May 17, 2013, I sent an email to Apple's counsel, Aaron Taggart, requesting
12 that Apple comply with document requests served by FlatWorld and provide a complete privilege
13 log. In that email, I stated:

> Further, Apple has stated in its disqualification motion that "Morgan Lewis has prosecuted hundreds of patent applications relating to the touch- and gesture-based user interface of the iPhone" and "[t]his technology-the touch interface of the iPhone and other Apple products- is what FlatWorld accuses of infringement in the present case." By Apple's own admission, Apple has had communications with MLB that are relevant to the present litigation. Those communications should have been produced or logged. Since Apple has accused FlatWorld and Hagens Berman of wrongdoing relating to these documents, it is particular [sic] troubling that Apple has not produced or logged any of these documents. FlatWorld demands that Apple produce or log all such documents.

In response, Mr. Taggart sent a May 31, 2013 letter in which he stated:

> In response to your "demand[] that Apple produce or log" communications between Apple and Morgan Lewis regarding patent prosecution, *Apple has not admitted or suggested that such communications are relevant to the present litigation*. Support for the excerpts of Apple's motion to disqualify that you have quoted can be found on the face of those patents prosecuted by Morgan Lewis and in public documents available from the USPTO. Accordingly, the excerpts of Apple's motion you have quoted do not implicate any particular communications between Apple and Morgan Lewis. *If FlatWorld has any other basis for believing that correspondence between Apple and its prosecution counsel regarding patents not at issue in this case are relevant to any claim or defense, please provide it promptly so that we may consider it*. [emphasis added]

DECLARATION OF RYAN MEYER     - 6 -

No. C 12-01956 JSW

1 | Attached as <u>Exhibit 1</u> is a true and correct copy of excerpts of Mr. Taggart's May 31 letter. The quoted section has been highlighted.

11. I was one of the attorneys who worked on preparing FlatWorld's privilege log in this litigation. I reviewed the documents containing communications between Jennifer McAleese and John McAleese; all of these documents pre-dated the time at which FlatWorld engaged Hagens Berman. I believed that he was either rendering legal advice or being asked to render legal advice in these documents. Since I knew that he was an attorney, I designated these communications as being covered by the attorney-client privilege. I did not realize until after Mr. McAleese's call to Mark Carlson on February 26, 2013 that neither Mr. McAleese nor FlatWorld considered Mr. McAleese to be FlatWorld's attorney and that, therefore, designating these communications as subject to the attorney-client privilege was incorrect. I did not know that Jennifer McAleese had forwarded any emails, papers, or pleadings from this case to Mr. McAleese until after the document productions of MLB and John McAleese in March and April, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Seattle, Washington, this 11th day of June, 2013.

_____
Ryan Meyer

DECLARATION OF RYAN MEYER - 7 -

No. C 12-01956 JSW

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.  Any non-CM/ECF participants will be served by electronic mail, facsimile and/or overnight delivery.

        /s/ Steve W. Berman  
    STEVE W. BERMAN

DECLARATION OF RYAN MEYER — - 8 -

No. C 12-01956 JSW