1   Jeff D. Friedman (173886)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
3   Telephone:  (510) 725-3000
    Facsimile:   (510) 725-3001
4   jefff@hbsslaw.com

5   Steve W. Berman (*Pro Hac Vice*)
    Mark S. Carlson (*Pro Hac Vice*)
6   HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue
7   Suite 3300
    Seattle, WA  98101
8   Telephone:  (206) 623-7292
    Facsimile:   (206) 623-0594
9   steve@hbsslaw.com
    markc@hbsslaw.com
10
    *Attorneys for Plaintiff*
11  FlatWorld Interactives LLC

12

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA
                   SAN FRANCISCO DIVISION
15
    FLATWORLD INTERACTIVES LLC, a        )   No. C 12-01956 JSW
16  Pennsylvania limited liability company,  )
                                         )   **DECLARATION OF GEOFFREY C.**
17                         Plaintiff,    )   **HAZARD, JR. IN OPPOSITION TO**
                                         )   **APPLE'S MOTION TO DISQUALIFY**
18       v.                              )   **HAGENS BERMAN SOBOL**
                                         )   **SHAPIRO LLP**
19  APPLE INC, a California corporation,  )
                                         )   **JURY TRIAL REQUESTED**
20                         Defendant.    )
                                         )   **DATE ACTION FILED:**
21  _____  )   April 19, 2012

22

23

24

25

26

27

28
    DECLARATION OF GEOFFREY C. HAZARD, JR.
    No. C 12-01956 JSW

1    I, Geoffrey C. Hazard, Jr., declare under penalties of perjury as follows:

2        1.    I am Miller Distinguished Professor of Law Emeritus, Hastings College of the Law,

3    University of California; Trustee Professor of Law Emeritus, University of Pennsylvania; Sterling

4    Professor of Law Emeritus, Yale University, and Director Emeritus of the American Law Institute.

5    I am a member of the California bar.

6        2.    For over 45 years I have studied, researched, taught and practiced in the fields of

7    civil litigation and professional ethics. I have been accepted as an expert in these matters in many

8    jurisdictions, federal and state, including in the states of California and Washington. I am special

9    ethics counsel to several law firms and to the American Bar Association Section of Business Law.

10   I am Consultant to the Standing Committee on Practice and Procedure of the Judicial Conference

11   of the United States. A copy of my professional vita is attached as Exhibit 1.

12       3.   I have been engaged by the firm of Hagens Berman Sobol Shapiro LLP

13   ("Hagens Berman") to examine Apple's Motion to Disqualify Hagens Berman and supporting

14   declarations, and give my opinion concerning the issues Apple raises therein in *FlatWorld*

15   *Interactives LLC v. Apple Inc.* I have reviewed and executed adherence to the Protective Order in

16   the case. I am being compensated for my work.

17       4.    In summary, in my opinion there is no indication of professional misconduct on the

18   part of Hagens Berman or of any receipt by that firm of Apple privileged information.

19   Disqualifying that firm in my opinion therefore would be unjustified.

20       5.    As the basis for this opinion I have relied on the Narrative of Events prepared at my

21   request by Hagens Berman and attached hereto as Exhibit 2 as well as my decades of study and

22   knowledge of the applicable rules of professional conduct listed in my attached professional vita,

23   including, among others, my positions as Director of the American Law Institute and as a member

24   and consultant to the Standing Committee on Rules of Practice and Procedure for the Judicial

25   Conference of the United States, Reporter on the American Bar Association Special Commission

26   on Evaluation of Professional Standards, 1978-83, and my authorship of numerous books, articles,

27   and treatises relating to the standards of professional conduct and civil procedure. I am unaware of

28   any evidence or information inconsistent with that Narrative. I have also reviewed documents filed

DECLARATION OF GEOFFREY C. HAZARD, JR.
No. C 12-01956 JSW
                                        - 1 -

by Apple including the motion to disqualify Hagens Berman, the Declaration of Michael Pieja and its exhibits, the Declaration of Michael Ossip, the Declaration of Cyndi Wheeler, and the Declaration of Jeff Risher.  I have further reviewed the declarations of Jennifer McAleese, Slavoljub Milekic, Steve Berman, Mark Carlson, and Ryan Meyer.  Based upon these references, I understand the following to be true:

       (a)    FlatWorld was formed in January 2007.  It has a patent that it claims is infringed by certain Apple products in this litigation.  FlatWorld's patent application was prosecuted by patent attorney Gordon Nelson.  Mr. Nelson has conferred with Hagens Berman about matters in this litigation, but he is not involved in conducting the case.

       (b)    John McAleese was a partner in Morgan Lewis & Bockius LLP ("MLB"), a well-known and highly respected firm with its main office in Philadelphia, which is also where Mr. McAleese works and resides.  His field is environmental law, and he is a member of MLB's environmental practice group.  He has no experience with patent law or litigation, he is not a member of MLB's intellectual property group, and he has never worked on any case or matter for Apple.

       (c)    MLB is, and has been for several years, counsel to Apple primarily for the purpose of prosecuting patent applications, but it has not been counsel to Apple in the present litigation. There is no evidence in the record that Mr. McAleese ever worked on any Apple matter, had access to any confidential Apple information, or ever tried to access Apple's confidential information.

       (d)    Mr. McAleese is married to Jennifer McAleese, who is a 35% owner of FlatWorld and who has handled the company's business affairs.  On occasion since FlatWorld was formed, Ms. McAleese requested her husband's assistance and advice on various matters she was handling for FlatWorld.  This included discussing the terms of FlatWorld's engagement agreement with attorneys at Hagens Berman on February 27, 2012 at the request of Ms. McAleese.

       (e)    FlatWorld consulted several patent litigation firms before choosing Hagens Berman. Ms. McAleese first contacted Hagens Berman about potential patent litigation representation in January, 2012.  The engagement agreement was negotiated by Ms. McAleese, except that Mr. McAleese made one telephone call to Hagens Berman in February, 2012 to discuss certain terms of

1    the engagement agreement with which Ms. McAleese disagreed. FlatWorld engaged Hagens

2    Berman in March, 2012. This litigation was filed in April, 2012.

3           (f)      Between March 2012 and February 13, 2013, there were no communications

4    between Mr. McAleese and Hagens Berman. After the deposition of Dr. Milekic on February 13,

5    2013, Mr. McAleese introduced himself at a lunch attended by Mark Carlson of Hagens Berman,

6    Ms. McAleese and Dr. Milekic. Other than to ask how Dr. Milekic had done in his deposition,

7    there was no discussion of this litigation with Mr. McAleese.

8           (g)      FlatWorld's first privilege log, which was transmitted to Apple on February 22,

9    2013, listed documents received by Mr. McAleese, as to which the attorney-client privilege was

10   claimed. Apple or its counsel apparently noted that fact, and took note that McAleese was a

11   partner of MLB. Apple raised this issue with MLB.

12          (h)      On February 26, 2013, Mr. McAleese contacted Mr. Carlson (of Hagens Berman)

13   and told him that he had learned that his name appeared as author or recipient of documents

14   withheld for attorney-client privilege on FlatWorld's privilege log. He said that he had not acted as

15   FlatWorld's attorney in his communications with Ms. McAleese.

16          (i)      On February 28 and March 1, 2012, Mr. McAleese contacted Mr. Carlson and asked

17   that he produce the logged documents that he authored or received, so that he could show Apple

18   and MLB that he had not acted as Apple's attorney. Mr. Carlson refused, but subsequently agreed

19   to produce the documents to Apple if Apple would agree that production did not waive the

20   privilege. Mr. Carlson forwarded the written terms of such an agreement to Mr. McAleese.

21          (j)      Hagens Berman undertook to review and correct FlatWorld's privilege log. Though

22   communications between Ms. McAleese and Mr. McAleese did not appear to be protected by the

23   attorney-client privilege in view of Mr. McAleese's statement that he did not regard himself as

24   FlatWorld's attorney, Hagens Berman attorneys considered the communications from Mr.

25   McAleese to his wife to be covered by the spousal privilege. Some of the underlying

26   communications that had been forwarded to John McAleese contained attorney-client

27   communications, and they are listed as such on FlatWorld's amended privilege logs. Hagens

28   Berman, in the period from February 26, undertook to update and correct its privilege log, and has

DECLARATION OF GEOFFREY C. HAZARD, JR.     - 3 -
No. C 12-01956 JSW

produced updated versions of its privilege log to Apple, the most recent being produced on May 31.

        (k)     After Apple objected to Mr. McAleese's inclusion on the FlatWorld privilege log, MLB engaged an independent investigation of its network, computers and server, and determined that no confidential Apple information had been accessed by Mr. McAleese, no attorneys working on Apple matters had disclosed Apple confidences to him, and Mr. McAleese had not used MLB's email system to disclose any Apple confidences.

        (l)     Hagens Berman lawyers state, and are prepared to testify, that they have received no Apple confidences.

      6.  Based upon the above assumptions, I have the following opinions:

        (a)     John McAleese and Hagens Berman could not be regarded as co-counsel in this case because they did not communicate at all for nearly a year after Hagens Berman was engaged, and there is no evidence that Mr. McAleese rendered any legal advice or services to FlatWorld in this case except one phone call to Hagens Berman to discuss terms of the engagement agreement.

        (b)     Apple asserts that its confidences were improperly disclosed by John McAleese. However, Apple's moving papers do not contain evidence of any disclosure of confidential information, and MLB's investigation confirmed that no confidential Apple information has been disclosed. Apple provides the Declaration of Michael Ossip, which states that Mr. McAleese informed Hagens Berman that Mr. McAleese understood that the FlatWorld privilege log disclosed him as an author or recipient of documents withheld under the attorney-client privilege, and that he did not believe he was acting as an attorney in his communications with his wife. Apple contends that this communication from Mr. McAleese to Hagens Berman contained Apple's attorney-client privileged information and was wrongfully disclosed to Hagens Berman.

        (c)     This communication is the sole basis for Apple's assertion that it was prejudiced by a disclosure of confidential information to Hagens Berman. It is seriously arguable whether this communication contained attorney-client privileged information and whether its disclosure was, in any event, a waiver of the privilege. According to the Declaration of Mark Carlson this objection was disclosed by Michael Pieja and/or James Shimota, Apple's litigation counsel, during a

1  discovery conference.  To the extent that item of information was privileged at all before the

2  discovery conferences, their communication of this information surrendered any privilege.

3     (d) Even if this communication was confidential or privileged, and privilege was not

4  waived, disclosure of this communication could not have been prejudicial to Apple.   The content

5  of the communication has no bearing on the underlying patent case and could not have caused

6  Apple to change its defense.  Apple has not identified any way in which it has been harmed by the

7  disclosure to Hagens Berman.  In my opinion, FlatWorld's assertion of the spousal privilege for the

8  forwarding emails to her husband in its amended privilege log does not constitute harm or

9  prejudice to Apple.  Moreover, Apple has not identified any way in which it would continue to be

10  harmed by Hagens Berman's ongoing participation in this case.

11     (e) Whether Mr. McAleese or MLB breached their duties to Apple is irrelevant to the

12  question of disqualification.  Most of the communications with John McAleese occurred before

13  Hagens Berman was engaged as FlatWorld's outside patent litigation counsel.  None of them

14  related to the management, tactics, or strategy of the present litigation.

15     (f) Apple has presented no factual or legal basis to impute Mr. McAleese's conduct,

16  knowledge, or duties to Hagens Berman.

17     7. Disqualification of counsel is a rare and harsh remedy.  It is my understanding that

18  disqualification of Hagens Berman would severely prejudice FlatWorld's ability to pursue its

19  claims against Apple.  In view of the relevant rules and standards of professional conduct, and in

20  view of the facts of this case, disqualification of Hagens Berman is unnecessary and unwarranted.

21     I declare under penalty of perjury, under the laws of the United States of America, that the

22  foregoing is true and correct.

23     Signed in San Francisco California, this 10th day of June, 2013.

24

25  _____

26  Geoffrey C. Hazard Jr.

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.  Any non-CM/ECF participants will be served by electronic mail, facsimile and/or overnight delivery.


_____/s/ Steve W. Berman_____
STEVE W. BERMAN

CERTIFICATE OF SERVICE
No. C 12-01956 JSW