Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC, a California corporation,<br><br>Defendant. | No. C 12-01956 JSW<br><br>**DECLARATION OF JENNIFER MCALEESE IN OPPOSITION TO APPLE'S MOTION TO DISQUALIFY HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>**JURY TRIAL REQUESTED**<br><br>**DATE ACTION FILED:**<br>April 19, 2012 |

I, Jennifer McAleese, declare:

1. I am a principal and 35 % shareholder of FlatWorld Interactives LLC ("FlatWorld"). I make this declaration based upon my personal knowledge and am competent to testify as to the matters stated herein.

2. FlatWorld is a Pennsylvania limited liability company formed in January, 2007. FlatWorld's only place of business is Pennsylvania. Its only two shareholders are Dr. Slavoljub Milekic and me. My shares of FlatWorld are issued in my name alone.

3. FlatWorld has always engaged and compensated its own attorneys. In all, FlatWorld has engaged the following:

    a. FlatWorld engaged Jack Kenney of Hangley Aronchick to handle FlatWorld's incorporation, its agreement with Acacia, and its operating, intellectual property, and website agreements.

    b. FlatWorld engaged patent prosecution attorney Gordon "Gene" Nelson with respect to the application for the patent that would be issued as RE43318 ("the '318 Patent").

    c. FlatWorld engaged attorney Kevin Casey of Stradley Ronan to assist with notice letters mailed during the patent reissue examination.

    d. FlatWorld engaged attorney Susan Naftulin to negotiate FlatWorld's contract with the Philadelphia Zoo for design and installation of the interactive leopard kiosk.

    e. FlatWorld engaged Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to enforce the '318 Patent.

4. John McAleese is my husband. John's only relationship with FlatWorld is through his marriage to me.

5. Because John is my husband, from time to time I have shared information with him or requested his assistance on certain issues relating to the business or affairs of FlatWorld. These requests are reflected in emails between me and my husband beginning in 2006. All such assistance was rendered by him in Pennsylvania.

6. In January of 2012, I contacted Hagens Berman regarding representation with respect to enforcing the '318 Patent. All communications regarding the potential representation were between me and/or Dr. Milekic for FlatWorld and Steve Berman and/or Mark Carlson for Hagens Berman, until February 27, 2012.

7. On February 27, I asked John to call Mark Carlson to discuss certain terms in the Hagens Berman engagement agreement to which I objected. To the best of my knowledge, the terms of the engagement agreement were the only subjects discussed during that telephone call. After further negotiations between me and Hagens Berman, FlatWorld engaged Hagens Berman on March 5, 2012.

8. During this litigation, I have forwarded some Hagens Berman email communications to John, because I wanted to tell my husband what was going on in the case. These communications have contained FlatWorld's infringement contentions, Apple's invalidity contentions, Apple's subpoena to Brown University, Apple's Answer to FlatWorld's Complaint, and a Complaint filed against Samsung. I did not inform Hagens Berman or Dr. Milekic that I was sharing these communications and documents with my husband. I did not copy either Hagens Berman or Dr. Milekic on these forwarding emails. The sole reason that I shared these documents with my husband was that after working with FlatWorld for so long, and after spending so much time trying to monetize Dr. Milekic's patented invention, I was excited that litigation on the patent had finally begun and was moving forward. I did not send these documents to John for the purpose of seeking his advice, legal or otherwise, nor did he provide any advice to me. I did not think I was doing anything wrong. John only responded to these emails twice, directly to me, not Hagens Berman.

9. John was an environmental lawyer at MLB for over 20 years and co-chair of MLB's environmental law practice at the Philadelphia, Pennsylvania office of Morgan Lewis & Bockius LLP ("MLB") until May 30, 2013. Neither John nor I have any knowledge or expertise in patent law or patent litigation. I have never requested, and John never offered, any advice, suggestions, or directions about this litigation. Nor has John ever

provided me with any confidential information about Apple. John and I never discussed litigation tactics or strategy for this case, and I never communicated any advice, information, comments, or instructions from John to Hagens Berman. Although Hagens Berman has kept me informed about all case developments, I have never made any substantive decisions, directions or suggestions regarding strategy, tactics, or management of this case, preferring to rely instead on the patent litigation knowledge and expertise of Hagens Berman.

10. Hagens Berman is FlatWorld's counsel in its case against Apple. I do not regard my husband as FlatWorld's co-counsel in this case.

11. I have never requested or received any confidential Apple information from John, MLB, or any MLB attorneys or employees. To the best of my knowledge, John has never accessed or received any confidential Apple information.

12. To the best of my knowledge, John has never had any communication with Hagens Berman about any aspect of this litigation except for (a) the telephone call to Hagens Berman attorney Mark Carlson on February 27, 2012 to help me explain my issues with certain terms of FlatWorld's engagement agreement with Hagens Berman, (b) when John asked Mark Carlson how Dr. Milekic had done in his deposition on February 13, 2013, and (c) when John called Mr. Carlson to ask him to produce the communications between me and John on FlatWorld's privilege log on February 26, 28, and March 1, 2013, after Apple raised issues with MLB about FlatWorld's privilege log.

13. I have reviewed Apple's Motion to Disqualify Hagens Berman, the supporting Declaration of Michael Pieja, and the exhibits thereto. I understand that Apple represents that my husband used me as a conduit to indirectly communicate confidential Apple information and legal advice to Hagens Berman. These representations are false. John communicated no Apple confidential information to me or any advice about the litigation against Apple, so I did not have any information or advice to pass-on from John to Hagens Berman.

14. I understand that Apple accuses me, my husband, and Hagens Berman of destroying documents. Apple bases its accusations on the fact that there is not a one-to-one match of email communications produced or logged by FlatWorld and those produced or logged by third-parties. These accusations are false. The fact that third parties have copies of some communications that FlatWorld does not have is explained in part by my closure of two email accounts that I used for FlatWorld communications before this litigation was commenced.

15. To the best of my knowledge, I stopped using my email account with Comcast sometime during 2006, shortly before opening a free email account through Gmail. That account was closed entirely in November, 2008. I no longer have access to the Comcast account and did not save any of the emails or other information associated with the Comcast account. I did not close the account to intentionally destroy or conceal any communications that were relevant to the present litigation. In fact, at that time, FlatWorld had not decided to enforce its patent through litigation. To my knowledge, none of the information contained in that account would be material to the claims and defenses at issue in this litigation.

16. One document, listed on the privilege log of John McAleese as JMPRIV194, appears to show that an email was sent to my Comcast account as late as September 27, 2010. However, on closer review of this document, it seems to be a forward from me to John of an email from FlatWorld's corporate counsel, Jack Kenney, relating to material that was discussed in 2006. The 2010 date on the document appears to be an error since my Comcast account was closed down approximately two years earlier.

17. In March, 2007, I began using a FlatWorld email account which was hosted by a company called P'unk Ave. I closed this email account after Dr. Milekic finished with the Philadelphia Zoo interactive exhibit and decided that he no longer wished to continue FlatWorld's consulting business in approximately July, 2009. When I closed the FlatWorld account, the patent in this case was undergoing reissue examination, so FlatWorld did not know if any claims would survive, and if any were to survive, what

would be their limitations. Therefore I could not have known for certain whether any reissued claims would read on any Apple product. I no longer have access to this account and did not save any of the emails or other information associated with the FlatWorld email account. I did not close the account to intentionally destroy or conceal any communications that were relevant to the present litigation. To my knowledge, none of the information contained in that account would be material to the claims and defenses at issue in this litigation.

18. To respond to Apple's discovery requests and the disclosure requirements in this case, I have conducted a thorough search of all documents in my possession, custody or control that conceivably pertain to FlatWorld. I sent all responsive documents that I found, including emails and other electronic documents, to Hagens Berman. To the best of my knowledge, all responsive documents have been produced to Apple or listed on a privilege log. No documents have been intentionally destroyed, concealed, or mischaracterized.

19. FlatWorld hired Hagens Berman after a search for appropriate litigation counsel, and we concluded that the firm is one of the best plaintiff and trial law firms in the United States. If Hagens Berman were to be disqualified as FlatWorld's counsel, FlatWorld would be heavily prejudiced. FlatWorld has no revenue and has hired Hagens Berman on a contingent fee basis. FlatWorld's only option to continue the case without Hagens Berman would be to find another firm that would be willing to accept this case for a contingent fee and that would be willing to accept the substantial costs of coming up to speed in a case that has been active for over a year. It would be difficult for FlatWorld to replace Hagens Berman with a patent litigation firm of equal quality. Finding such a firm would, at a minimum, likely take a significant amount of time, and FlatWorld would lose all of the experience and familiarity with the case gained by Hagens Berman. If FlatWorld could not find a new firm that would be willing to accept its case for a contingent fee, it would be forced to withdraw its claims against Apple.

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Philadelphia, Pennsylvania, this 10th day of June, 2013.

_____
Jennifer McAleese

DECLARATION OF JENNIFER MCALEESE
No. C 12-01956 JSW

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List. Any non-CM/ECF participants will be served by electronic mail, facsimile and/or overnight delivery.

                                                /s/ Steve W. Berman
                                                STEVE W. BERMAN