Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

*Attorneys for Plaintiff*
FlatWorld Interactives LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC, a California corporation,<br><br>Defendant. | No. C 12-01956 JSW<br><br>**DECLARATION OF DR. SLAVOLJUB MILEKIC IN OPPOSITION TO APPLE'S MOTION TO DISQUALIFY HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>**JURY TRIAL REQUESTED**<br><br>**DATE ACTION FILED:**<br>April 19, 2012 |

DECLARATION OF DR. SLAVOLJUB MILEKIC
No. C 12-01956 JSW

I, Dr. Slavoljub Milekic, declare:

1. I am a principal and 65 % shareholder of FlatWorld Interactives LLC ("FlatWorld"), and the inventor of the subject matter claimed in the patent-in-suit. I make this declaration based upon my personal knowledge and am competent to testify as to the matters stated herein.

2. John's only relationship with FlatWorld is through his marriage to Jennifer McAleese. He does not own any interest in FlatWorld. It has always been my perception that John McAleese had little interest in FlatWorld and considered it to be his wife's side interest.

3. Throughout its existence, FlatWorld has engaged patent prosecution counsel, corporate counsel, and other counsel for its various legal needs. Hagens Berman Sobol Shapiro LLP ("Hagens Berman") is FlatWorld's counsel in this litigation. Mr. McAleese, whom I understand to be an environmental law lawyer, is not co-counsel to Hagens Berman in this litigation. I have never requested or solicited legal advice from Mr. McAleese for this case, nor have I ever requested or authorized FlatWorld's co-owner, Jennifer McAleese to solicit any legal advice from Mr. McAleese in this case. Although Hagens Berman has kept me informed about all case developments, I have never made any substantive decisions, directions or suggestions regarding strategy, tactics, or management of this case, preferring to rely instead on the patent litigation knowledge and expertise of Hagens Berman.

4. I have known John McAleese through Jennifer McAleese since approximately 2006. Between 2006 and the present, I have spoken with John approximately four or five times for ten to twenty minutes each time. I have never discussed FlatWorld's patent or this litigation with John, though he and I may have on occasion been recipients of the same emails. I have never requested or received any Apple confidential information from John or Jennifer McAleese.

5. The first time that I learned that John McAleese's law firm, Morgan Lewis & Bockius LLP, represented Apple in any matter was in late February, 2013, after Apple objected to the inclusion of his name on FlatWorld's privilege log.

6. I did not know that Jennifer had forwarded any Hagens Berman emails, Apple's answer, or Apple's infringement contentions to John McAleese until after Apple objected to

DECLARATION OF DR. SLAVOLJUB MILEKIC
No. C 12-01956 JSW

- 1 -

FlatWorld's privilege log. I never had any discussions with John about these communications, and Jennifer never communicated any information, advice, comments, or instructions from John to me.

7. To respond to Apple's discovery requests and the disclosure requirements in this case, I have conducted a thorough search of all documents in my possession, custody or control that conceivably pertain to FlatWorld, including my email account. I sent all responsive documents that I found, including emails and other electronic documents, to Hagens Berman. To the best of my knowledge, all responsive documents have been produced to Apple or listed on a privilege log. No documents have been intentionally destroyed, concealed, or mischaracterized.

8. I have reviewed Apple's Motion to Disqualify Hagens Berman, the supporting Declaration of Michael Pieja, and the exhibits thereto. I understand that Apple represents that John McAleese used Jennifer McAleese as a conduit to indirectly communicate confidential Apple information and legal advice to Hagens Berman. To the best of my knowledge, these representations are false. I understand also that Apple accuses me, Jennifer McAleese and Hagens Berman of intentionally destroying documents. To the best of my knowledge, these accusations are false.

9. FlatWorld hired Hagens Berman after a search for appropriate litigation counsel, and we concluded that the firm is one of the best plaintiff and trial law firms in the United States. If Hagens Berman were to be disqualified as FlatWorld's counsel, FlatWorld would be heavily prejudiced. FlatWorld has no revenue and has hired Hagens Berman on a contingent fee basis. FlatWorld's only option to continue the case without Hagens Berman would be to find another firm that would be willing to accept this case for a contingent fee and that would be willing to accept the substantial costs of coming up to speed in a case that has been active for over a year. It would be difficult for FlatWorld to replace Hagens Berman with a patent litigation firm of equal quality. Finding such a firm would, at a minimum, likely take a significant amount of time, and FlatWorld would lose all of the experience and familiarity with the case gained by Hagens Berman. If FlatWorld could not find a new firm that would be willing to accept its case for a contingent fee, it would be forced to withdraw its claims against Apple.

I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF DR. SLAVOLJUB MILEKIC - 2 -
No. C 12-01956 JSW

Signed in Belgrade, Serbia, this 10th day of June, 2013.

_____
Dr. Slavoljub Milekic
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List. Any non-CM/ECF participants will be served by electronic mail, facsimile and/or overnight delivery.

                                                         /s/ Steve W. Berman
                                                         STEVE W. BERMAN