# EXHIBIT 51



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FLATWORLD INTERACTIVES, LLC,

    Plaintiff,

vs.    Case No.

APPLE, INC.,

    Defendant.
_____

**\*\*CONFIDENTIAL, ATTORNEYS' EYES ONLY\*\***
**DEPOSITION OF**
**MICHAEL J. OSSIP**

**TAKEN ON**
**TUESDAY, MAY 28, 2013**
**9:30 A.M.**

**Morgan, Lewis & Bockius**
**1701 Market Street**
**Philadelphia, PA**

```
 1              COUNSEL APPEARED AS FOLLOWS:

 2

 3  Counsel for Plaintiff:

 4  JENNIFER FOUNTAIN CONNOLLY, ESQUIRE

 5  HAGENS BERMAN SOBOL SHAPIRO

 6  1629 K Street NW

 7  Suite 300

 8  Washington, D.C.  20006

 9  (T) 202.355.6435  (F) 202.355.6455

10  jenniferc@hbsslaw.com

11

12  Counsel for Defendant:

13  JAMES A. SHIMOTA, ESQUIRE

14  BRIDGES & MAVRAKAKIS, LLP

15  180 N. LaSalle, Suite 2215

16  Chicago, IL  60601

17  (T) 312.216.1624  (F) 312.216.1621

18  jshimota@bridgesmav.com

19

20

21

22

23

24

25
```

```
 1  Co-counsel for Witness:
 2  ROGER E. WARIN, ESQUIRE
 3  MATTHEW J. HERRINGTON, ESQUIRE
 4  STEPTOE & JOHNSON, LLP
 5  1330 Connecticut Avenue, NW
 6  Washington, DC  20036
 7  (T) 202.429.6280  (F) 202.429.3902
 8  rwarin@steptoe.com
 9  mherrington@steptoe.com
10
11          (It is hereby stipulated and agreed by and
12  counsel for the respective parties that the sealing,
13  and certification are waived; and that all objections,
14  except as to the form of the question, are reserved
15  time of trial.)
16
17
18
19
20
21
22
23
24
25
```

NAEGELI
DEPOSITION AND TRIAL EXPERTS
800.528.3335
NaegeliUSA.com

1  e-mail to Mark Carlson?
2      A.   No.
3      Q.   And am I correct that your firm views the
4  portion of that that was redacted as intrafirm
5  privilege?
6      A.   Yes.
7      Q.   And I take it that Morgan Lewis is not
8  waiving any intrafirm privilege, correct?
9      A.   We engaged in a limited waiver in response
10 to the Apple subpoena, but that wouldn't have
11 covered this, no.
12     Q.   As a general matter, have you -- well,
13 you've interviewed Mr. McAleese, correct?
14     A.   I've spoken to him several times.  I guess
15 you could refer to it as an interview.
16     Q.   Have you demanded that he tell you all
17 possible Apple information that he may know of?
18     A.   I don't know that I've asked that question
19 in that manner, no.
20     Q.   Okay.  Have you interviewed all Apple
21 timekeepers at Morgan Lewis regarding communications
22 that they may have had with John McAleese concerning
23 this?
24     A.   No.
25     Q.   Do you know who Dan Golub is?

NAEGELI DEPOSITION AND TRIAL EXPERTS  800.528.3335  NaegeliUSA.com

```
 1         A.    Golub, G-O-L-U-B.
 2         Q.    Golub.
 3         A.    He is a former partner of the firm.
 4         Q.    Have you interviewed Mr. Golub regarding
 5   communications that he had with Mr. McAleese in
 6   2007?
 7         A.    No.
 8         Q.    And you've indicated that you searched
 9   John McAleese's e-mails for responsive materials,
10   correct?
11         A.    At my request, it was done, yes.
12         Q.    Did you include the term "iPhone" in your
13   search of John's e-mails?
14         A.    I don't know.  I believe yes.  But, you
15   know, I -- I relied on our e-data and e-discovery
16   individuals to come up with the -- with the
17   keywords, but I can't say for certain.
18         Q.    Okay.  Can you -- well, let's start -- can
19   you tell me what hardware Mr. McAleese was issued by
20   Morgan Lewis from 2006 to the present?  Let's start
21   with laptops.
22         A.    I can't -- I cannot tell you that off the
23   top of my head, no.
24         Q.    Do you know if Mr. McAleese was issued a
25   firm laptop?  Well, was there any hardware that Mr.
```