United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 12-cv-01956-WHO<br><br>**ORDER DENYING APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 161 |

Apple Inc. ("Apple") made an administrative motion (Dkt. No. 161) to file under seal Exhibits 42, 43, and 45 of the Declaration of Adam C. Taggart (Dkt. No. 164). In support of the administrative motion, Rembrandt IP Management, LLC ("Rembrandt") filed the Declaration of Matthew Genkin (Dkt. No. 176), arguing that Exhibits 42 and 43 should be sealed because they "contain[] confidential communications between an attorney for Rembrandt and a principal of FlatWorld" and "contain confidential and commercially sensitive Rembrandt information." Genkin Decl. ¶ 5.

In the Ninth Circuit, a party seeking to seal judicial records related to a dispositive matter can only overcome the "strong presumption" of public access to judicial records by demonstrating "sufficiently compelling reasons" that override the public policies favoring disclosure. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To seal records associated with a dispositive matter, "the district court must articulate a factual basis for each compelling reason to seal" offered by the party. *In re Midland Nat'l Life Ins. Co*., 686 F.3d at 1119. When seeking to file under seal judicial records related to a non-dispositive matter, the party must make a "particularized" showing of good cause under Federal Rule of Civil Procedure 26(c). *Id*.

1  Civil Local Rule 79-5 allows the Court to seal documents only upon a request that establishes that the document, or portions thereof, are sealable.  Civil L.R. 79-5.  The request must be narrowly tailored to seek sealing only of sealable material and be supported by a declaration establishing compelling reasons or good cause to justify the sealing.  *Id*.  Reference to a stipulation or protective order that allows a party to designate information as confidential or sealable is insufficient to establish that the information should be sealed by the Court.  *Id*.

Because a motion to disqualify is non-dispositive, Rembrandt must make a particularized showing of good cause to justify the sealing.  However, the Court finds that Rembrandt has not established good cause to file under seal Exhibits 42 and 43.  The Genkin Declaration only offers "tepid and general justifications" and "fail[s] to demonstrate any specific prejudice or harm."  *See Kamakana*, 447 F.3d at 1186.  A mere claim that the materials are "confidential" and "commercially sensitive", without more, is insufficient to prevent disclosure of the documents.  Further, having reviewed the exhibits, the Court finds that the exhibits' contents do not warrant sealing them.  Therefore, the Court DENIES Apple's administrative motion to file under seal Exhibits 42 and 43 of the Taggart Declaration.

In addition, because Apple moved to file under seal Exhibit 45 of the Taggart Declaration based on Flatworld's earlier designation of the exhibit as confidential, and Flatworld has since withdrawn that designation (Dkt. No. 166), the Court DENIES AS MOOT Apple's administrative motion to file under seal Exhibit 45.

The Court ORDERS Apple to electronically file unredacted versions of all three exhibits within five days from the date of this Order.

**IT IS SO ORDERED.**

Dated:  July 10, 2013

WILLIAM H. ORRICK
United States District Judge