Kenneth H. Bridges (SBN 243541)
kbridges@bridgesmav.com
Michael T. Pieja (SBN 250351)
mpieja@bridgesmav.com
Lawrence Lien (SBN 265851)
llien@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone:  (650) 804-7800
Facsimile: (650) 852-9224

James Shimota (Admitted *pro hac vice*)
jshimota@bridgesmav.com
Aaron Taggart (SBN 258287)
ataggart@bridgesmav.com
Adam R. Brausa (Admitted *pro hac vice*)
abrausa@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
180 N LaSalle, Suite 2215
Chicago, IL 60601
Telephone:  (312) 216-1620
Facsimile: (312) 216-1621

Mark S. Carlson (admitted *pro hac vice*)
marcc@hbsslaw.com
Steve Berman (admitted *pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telelphone: (206) 623-7292
Facsimilie: (206) 623-0594

Jeff D. Friedman
jefff@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telelphone: (510) 725-3000
Facsimilie: (510) 725-3001

ATTORNEYS FOR DEFENDANT
APPLE INC.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC<br><br>       Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>       Defendant. | Case No. 3:12-01956-WHO (EDL)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the June 27, 2013 Reassignment Order and Order Requiring Case Management Statement, the parties hereby respectfully submit the following joint case management statement.

### 1.      Date the Case Was Filed

FlatWorld filed this case on April 19, 2012.

### 2.      List or Description of Each Party

The plaintiff, and counterclaim defendant, in this case is FlatWorld Interactives LLC. FlatWorld is a limited liability company organized under the laws of the Commonwealth of Pennsylvania and having its principal place of business in Philadelphia.  FlatWorld designs and sells interactive digital media displays for museums, zoos, and like venues.

The defendant, and counterclaim plaintiff, in this case is Apple Inc.   Apple is a corporation organized under the laws of the State of California and having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.   Apple designs and sells personal computers and other consumer electronic products.

### 3.      Summary of Claims, Counter-Claims, Cross-Claims, and Third-Party Claims

FlatWorld has asserted that certain features of several Apple products, including the iPhone, iPad, iPod touch, iPod Nano (6th and 7th generations), certain MacBook Pro, MacBook Air, MacBook, Mac Pro, and Mac Mini, computers, and the Magic Mouse, and Magic Trackpad, infringe various claims of U.S. Patent No. RE43,318 ("the '318 patent").  FlatWorld has claimed that this infringement is willful and has requested an award of monetary damages from Apple. FlatWorld further seeks a declaration that the present case is exceptional, and an award of fees and costs.

Apple seeks a declaration that the '318 patent is invalid and not infringed by Apple's products.   Apple has also asserted several affirmative defenses to FlatWorld's patent

infringement claim, including a defense that the '318 patent is invalid by reason of FlatWorld's unclean hands.

### 4. Brief Description of Events Underlying This Action

As noted above, this action arises from FlatWorld's assertion that various Apple products infringe certain claims of the '318 patent. These claims relate generally to gesture interaction with a user interface.

### 5. Description of Relief Sought and Damages Claimed

FlatWorld seeks damages adequate to compensate it for Apple's ongoing infringement of the '318 Patent, in an amount not less than a reasonable royalty. The reasonable royalty will be calculated based upon the factors and methodology set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), and will be supported by expert testimony. FlatWorld is unable to calculate its damages at this time because it does not have discovery quantifying Apple's sales, costs, and margins as to at least the presently accused products, nor does it have discovery regarding Apple's in-bound and out-bound licensing and royalties.

FlatWorld also seeks a permanent injunction enjoining Apple, its officers, directors, agents, servants, affiliates, employees, successors, assigns, divisions, branches, subsidiaries, parents and all others acting in active concert therewith from infringing and/or inducing others to infringe or contribute to the infringement of the '318 Patent.

FlatWorld seeks an award of both prejudgment and post judgment interest under 35 U.S.C. § 284.

FlatWorld seeks an award of increased damages under 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to FlatWorld.

FlatWorld seeks an order declaring this case exceptional under 35 U.S.C. § 285 and an award of reasonable attorney's fees.

Apple seeks as relief a declaration that each asserted claim of the '318 patent is invalid and not infringed. Apple further seeks as relief a declaration that this case is exceptional and an award of its fees and costs.

### 6. Status of Discovery

Discovery is underway, and Judge White previously referred all discovery disputes to Magistrate Judge Laporte. The parties have each served, and responded to, several sets of requests for production of written documents as well as interrogatories, including contention interrogatories.

Apple has taken the Rule 30(b)(6) deposition of FlatWorld, through the inventor of the '318 patent, Slavoljub Milekic, with respect to certain claim construction issues. Claim construction discovery is closed. Apple has also taken third-party discovery of several parties relating primarily to its pending motion for disqualification. For instance, Apple has sought written and deposition discovery from the prosecuting attorney for the '318 patent, Gordon Nelson, along with several entities allegedly involved in assisting FlatWorld in monetizing the '318 patent, including Joshua Slavitt, Vanja Buvac, Daniel Golub, and the Rule 30(b)(6) designees of the firm Hangley Aronchick and the Rembrandt IP entity. FlatWorld has taken the Rule 30(b)(6) deposition of Morgan, Lewis & Bockius, a firm that serves as Apple's outside counsel on other matters, on issues relating to Apple's pending motion for disqualification. Other than Professor Milekic's deposition and less than an hour of Mr. Nelson's deposition, there have been no depositions on the merits.

Judge White declined to adopt any deadlines after claim construction, accordingly, the Court has not imposed a discovery cutoff date. The parties have not agreed to any modifications to the discovery limits set forth in the Federal Rules of Civil Procedure, except as follows. The parties have agreed that each side will be limited to a total of 70 hours of deposition testimony of the opposing party pursuant to Rules 30(b)(1) and 30(b)(6), of which no more than 14 hours may be Rule 30(b)(6) testimony of the opposing party. Third-party and expert depositions do not

count towards this limit.

Following motion practice before Magistrate Judge Laporte, Judge Laporte ruled that the parties should refer their dispute regarding the production of source code to a special master. On May 20, 2013, the parties jointly proposed Professor John Canny of the University of California, Berkeley, to act as the special master for this purpose. No further action has been taken with respect to this proposal.

## 7.      Procedural History of the Case.

FlatWorld served its Complaint in this action on April 19, 2012. Apple's Answer and Counterclaims were filed on June 11, 2012. A Case Management Conference was held before Judge White on September 21, 2012, at which time the Court entered a case management order with deadlines through the claim construction hearing.

On October 5, 2012, FlatWorld served its infringement contentions pursuant to Patent Local Rule 3-1, and served supplemental contentions on October 16 and November 19. On November 30, 2012, Apple served its invalidity contentions pursuant to Patent Local Rule 3-3. The parties have also exchanged lists of claim terms requiring constructions, as well as proposed constructions for those terms and extrinsic evidence, and filed a Joint Claim Construction statement. The claim construction hearing in this matter was originally scheduled for May 7, 2013, with a technology tutorial set for April 30, 2013. By Order dated April 24, 2013, the Court vacated these hearing dates and ordered the parties to submit an amended Joint Claim Construction statement. The Court reset the dates of the technology tutorial and claim construction hearing for August 27, 2013, and September 3, 2013, respectively. FlatWorld's amended opening claim construction brief was submitted on Monday, July 8. Apple's amended responsive brief is due on Monday, July 22. FlatWorld's amended reply brief is due on Monday, July 29.

Two discovery motions have been filed and briefed in this case. First, on October 10, 2012, FlatWorld filed a motion for entry of a protective order. Apple filed a cross-motion for

entry of a separate protective order with alternative provisions relating to the production of Apple's source code.  These motions were heard on December 4, 2012, after which the parties jointly filed an agreed protective order.

Second, FlatWorld filed a motion to compel discovery on January 31, 2013, seeking expert reports, deposition transcripts, trial transcripts and other information from previous cases in which Apple was a party, information regarding Apple's future products, and production of additional source code.  This motion was heard before Judge Laporte on April 9, 2013.  Judge Laporte granted the motion in part, and denied it in part, and ordered the parties to meet and confer on a special master to resolve the remaining source code production disputes.

There is one motion pending in this case.  On May 28, Apple filed a motion to disqualify FlatWorld's counsel, Hagens Berman, or alternatively for a stay of proceedings and referral to a special master for further discovery regarding the issues underlying Apple's motion to disqualify.  (Dkt. No. 134)  This motion is fully briefed and is scheduled for a hearing before the Court on July 31.

By agreement of the parties, the matter has been referred to Magistrate Judge Spero for mediation.  A mediation had been set for July 11, 2013.  Judge Spero has vacated this date and instead directed the parties to appear for a telephonic conference at 9:00am on August 12, 2013.

There have been no appellate proceedings in this case.

### 8.     Deadlines in Place Before Reassignment.

The only deadlines or hearing dates currently in place for this case relate to the claim construction hearing, and are as follows:

August 27, 2013: claim construction tutorial

September 3, 2013: claim construction hearing

### 9.     Declination to Consent to a Magistrate Judge

The parties do not consent to a magistrate judge for trial.

**10.     Immediate Need for a Case Management Conference**

The parties do not believe there is an immediate need for a case management conference; however, the parties respectfully request guidance regarding whether the Court will be rescheduling the upcoming claim construction hearing, and whether the Court plans, as Judge White did, to conduct a separate claim construction technology tutorial.

Apple states that certain issues that it believes might otherwise warrant a case management conference will be addressed at the forthcoming hearing on Apple's Motion to Disqualify Hagens Berman, which is scheduled for argument on July 31, 2013.  FlatWorld is not aware of any such issues.

Dated: July 12, 2013


/s/ Michael T. Pieja_____
Kenneth H. Bridges (SBN 243541)
kbridges@bridgesmav.com
Michael T. Pieja (SBN 250351)
mpieja@bridgesmav.com
Lawrence Lien (SBN 265851)
llien@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone:  (650) 804-7800
Facsimile: (650) 852-9224

James Shimota (*pro hac vice*)
jshimota @bridgesmav.com
Aaron Taggart (SBN 258287)
ataggart@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
180 N LaSalle, Suite 2215
Chicago, IL 60601
Telephone:  (312) 216-1620
Facsimile: (312) 216-1621

John J. Steele (SBN 122872)
john.steele@johnsteelelaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN STEELE, ATTORNEY AT LAW
2225 East Bayshore Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 320-7662

Attorneys for Defendant Apple Inc.


Dated: July 12, 2013


*Steve Berman*_____
Steve Berman (admitted *pro hac vice*)
steve@hbsslaw.com
Mark S. Carlson (admitted *pro hac vice*)
markc@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telelphone: (206) 623-7292
Facsimilie: (206) 623-0594

Jeff D. Friedman
jefff@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telelphone: (510) 725-3000
Facsimilie: (510) 725-3001

**CERTIFICATE OF ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I, Michael Pieja, attest that Mark S. Carlson has concurred in the filing of this document via email dated July 12, 2013.


*/s/ Michael T. Pieja*
Michael T. Pieja


**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.1(h). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.


*/s/ Michael T. Pieja*
Michael T. Pieja