1   Jeff D. Friedman (173886)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   715 Hearst Avenue, Suite 202
    Berkeley, CA  94710
3   Telephone:  (510) 725-3000
    Facsimile:   (510) 725-3001
4   jefff@hbsslaw.com

5   Steve W. Berman (*Pro Hac Vice*)
    Mark S. Carlson (*Pro Hac Vice*)
6   HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue
7   Suite 3300
    Seattle, WA  98101
8   Telephone:  (206) 623-7292
    Facsimile:    (206) 623-0594
9   steve@hbsslaw.com
    markc@hbsslaw.com
10
    *Attorneys for Plaintiff*
11  FlatWorld Interactives LLC

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
14

15  FLATWORLD INTERACTIVES LLC, a          No. C 12-01956 WHO (EDL)
    Pennsylvania limited liability company,
16                                         **FLATWORLD'S SECOND MOTION
                           Plaintiff,      TO COMPEL DISCOVERY**
17
                                           **JURY TRIAL REQUESTED**
        v.
18                                         **Date:  September 17, 2013
    APPLE INC., a California corporation,   Time:  2:00 PM**
19                                         **Courtroom: E, 15th Floor**
                           Defendant.      **Judge: Honorable Elizabeth D. LaPorte**
20
                                           **DATE ACTION FILED:  April 19,
21                                         2012**

22

23

24

25

26

27

28

1

**NOTICE**

2    FlatWorld Interactives, LLC ("FlatWorld") hereby gives notice that the above-captioned

3    Motion to Compel Discovery is noted for hearing on September 17, 2013, at 2:00 PM.

4

**RELIEF SOUGHT**

5    FlatWorld seeks entry of an order compelling Apple to produce documents in response to

6    FlatWorld's Requests for Production ("RFPs") Nos. 85-101 and 108-110.

7

**I.    ARGUMENT**

8    Apple Inc. ("Apple") has refused to substantively respond to RFP Nos. 85-101 and 108-

9    110.  These RFPs request documents in the custody of Apple employees who have been

10   specifically identified by FlatWorld, based on documents produced by Apple, as being involved

11   with Apple's gesture recognition technology, including technology that infringes FlatWorld's

12   patent.  FlatWorld's reasonable requests for these discoverable materials have met with

13   unnecessary delay and outright refusal.   This motion is supported by the concurrently filed

14   Declaration of Ryan Meyer ("Meyer Decl.").

15   FlatWorld's RFP Nos. 85-101 and 108-110[1] request documents relating to particular

16   document custodians who have participated in the development of Apple's gesture recognition

17   technology:

18
> All documents, including, but not limited to, correspondence,
> presentations, reports, or white papers, authored by, received by, or referring to

19
> [Raleigh Ledet, Kristin Forster, Bret Victor, Ali Ozer, Lalit Pathak, Jeffrey Traer
> Bernstein, Craig Federighi, Bas Ording, Patrick Coffman, Brian Croll, Aram

20
> Kudurshian, Wayne Westerman, Laura Rabb, Dave Carvalho, Zeke Runyon,

21
> Myra Haggerty, Julian Missig, Ken Kocienda, Cyndi Wheeler, or Caroline
> Cranfill], that also refer or relate to Gesture Recognition Technology.

22

23   Apple responded as follows to RFP Nos. 85 and 96:

24
> Apple incorporates by reference its General Objections, set forth above.
> Apple further objects to this request as overbroad, unduly burdensome and not

25
> reasonably calculated to lead to the discovery of admissible evidence in that it
> purports to require Apple to produce documents relating to functionalities that are

26
> not accused of infringement in this action. Apple further objects to this request as

27
_____

[1] These RFPs are in FlatWorld's Third Set of Requests for Production.  Apple's objections and

28   responses to these RFPs, which also list the RFPs themselves, are attached as *Meyer Decl.*, Ex. 1.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
No. C 12-01956 WHO (EDL)

- 1 -

seeking documents that are not within its possession, custody or control to the extent it seeks "white papers … referring to [Raleigh Ledet or Wayne Westerman]." Apple further objects to this request as unduly burdensome and cumulative in light of Apple's extensive document production to date.

Subject to its general objections and the foregoing specific objections, Apple states that it has conducted a reasonable search for relevant, responsive documents within its possession, custody or control, and has previously produced non-privileged documents responsive to this request that it located following its reasonable search. To the extent FlatWorld believes additional, non-privileged documents may exist for which the burden or expense to Apple of production does not outweigh the likely benefit of the discovery, Apple is willing to meet and confer. *See* Fed. R. Civ. Pro. 26(b)(2)(C)(iii).

Apple responded as follows to RFP Nos. 86-95, 97-101, 108, and 110:

Apple incorporates by reference its General Objections, set forth above. Apple further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it purports to require Apple to produce documents relating to functionalities that are not accused of infringement in this action. Apple further objects to this request as seeking documents that are not within its possession, custody or control to the extent it seeks "white papers … referring to [Kristin Forster, Bret Victor, Ali Ozer, Lalit Pathak, Jeffrey Traer Bernstein, Craig Federighi, Bas Ording, Patrick Coffman, Brian Croll, Aram Kudurshian, Laura Rabb, Dave Carvalho, Zeke Runyon, Myra Haggerty, Julian Missig, Ken Kocienda, or Caroline Cranfill]." Apple further objects to this request as unduly burdensome and cumulative in light of Apple's extensive document production to date.

Subject to its general objections and the foregoing specific objections, Apple states that to the extent FlatWorld believes additional, non-privileged documents may exist for which the burden or expense to Apple does not outweigh the likely benefit of the discovery, Apple is willing to meet and confer to determine a reasonable scope for the production of additional custodial documents. *See* Fed. R. Civ. Pro. 26(b)(2)(C)(iii).

Finally, Apple responded as follows to RFP No. 109:

Apple incorporates by reference its General Objections, set forth above. Apple objects to this request as calling for information protected by the attorney-client privilege and/or the work product protection. Apple further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it purports to require Apple to produce documents relating to functionalities that are not accused of infringement in this action. Apple further objects to this request as seeking documents that are not within its possession, custody or control to the extent it seeks "white papers … referring to Cyndi Wheeler."

Subject to its general objections and the foregoing specific objections, Apple states that it is willing to meet and confer to determine the non-objectionable, non-privileged scope of this request, if any.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

These 20 document custodians were specifically selected by FlatWorld because each of them has participated in projects and communications specifically relating to the infringing gesture recognition technology of Apple's accused products. *Meyer Decl.* at ¶ 2. Based on FlatWorld's review of documents produced by Apple, these custodians constitute the core group of Apple employees responsible for the implementation and discussion of gesture recognition technology, the swiping gesture in particular. *Id.* "Gesture Recognition Technology," as it is used in FlatWorld's RFPs, is a specifically defined term[2] that parallels FlatWorld's infringement contentions in this case, so the RFPs are tailored to seek only particular information from each custodian. Exhibit 5 of the Meyer Declaration contains a table specifically listing representative examples of each individual's relevant communications.[3]

Apple has proposed that it would produce documents in response to RFP Nos. 85-87, 89, 92, 96, and 108, which are directed to only Bas Ording, Lalit Pathak, Bret Victor, Wayne Westerman, Raleigh Ledet, Kristin Forster, and Ken Kocienda, on the condition that this production would resolve all outstanding disputes concerning RFP Nos. 85-102 and 108-110. *Meyer Decl.* at ¶ 3, Ex. 3. FlatWorld cannot agree to Apple's proposal because it would unnecessarily foreclose discovery as to Apple employees who possess information relevant to the infringing features of the accused products.

The parties met and conferred regarding these and other discovery requests on April 25, 2013. *Meyer Decl.* at ¶ 4. Since that time, and in subsequent correspondence, Apple took the position that the requested documents contain no relevant information, despite the broad standards

---

[2] FlatWorld's Third Set of Requests for Production states "[t]he term 'Gesture Recognition Technology' refers to technology, including hardware and software, for the recognition, interpretation, and implementation of human gestures in a user interface." *Meyer Decl.* at ¶ 2, Ex. 2.

[3] This table does not contain any communications from Cyndi Wheeler, but FlatWorld knows that such documents exist. Apple inadvertently produced one responsive and materially relevant communication from Ms. Wheeler but then clawed that document back. Accordingly, FlatWorld could not quote from that communication. *Meyer Decl.* at ¶ 7. Nonetheless, FlatWorld expects that responsive, privileged communications to or from Ms. Wheeler should be listed on a privilege log, and any responsive nonprivileged documents to or from Ms. Wheeler, to the extent they exist, should be produced.

1    for permissible discovery.  *See Barnes & Noble, Inc. v. LSI Corp.*, 2012 U.S. Dist. LEXIS 41083

2    (N.D. Cal. March 26, 2012) (proposed protective order too limited because it "conflate[d] the

3    standard for admissibility of evidence at trial and the much broader standard for relevancy for

4    discovery…."; *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-83 (N.D.

5    Cal. 2008) (finding that requested documents were discoverable despite nonmoving party's attempt

6    to "conflate[e] the standard for relevance as a discovery threshold with the standard for the

7    admissibility of evidence at trial.").  In support of its refusal to produce the requested documents,

8    Apple's counsel stated in a letter that FlatWorld "did not identify any documents or other specific

9    information from which Apple could assess [FlatWorld's] claims that the 21 custodians[4] you have

10   identified have relevant information."  *Meyer Decl.* at ¶ 5, Ex. 4.  However, when FlatWorld did

11   provide this information to Apple in the form of a chart listing specific communications about

12   gesture recognition technology relating to the accused features from 19[5] of the custodians (*Meyer*

13   *Decl.* at ¶ 6, Ex. 5), Apple simply moved the goal posts and continued to withhold the requested

14   documents.

15          Since Apple served its objections and responses to these RFPs on April 17, 2013, the

16   parties have met and conferred and exchanged considerable correspondence regarding Apple's

17   refusal to produce documents.  *Meyer Decl.* at ¶ 4.  More than three months have passed, and

18   FlatWorld's ability to identify deposition witnesses and further build its case for infringement and

19   for damages has been prejudiced.  FlatWorld's discovery should not be subjected to further delay

20   by Apple.

21          The requirements set forth under Rule 26(b)(2) have been satisfied.  The requested

22   information is in the exclusive possession of Apple and is not available to FlatWorld through any

23   other means.  The RFPs are narrowly tailored to seek documents from specific individuals having

24   information relating to the infringing gesture recognition features of Apple's accused products.

25   ───────────────

     [4] FlatWorld is not currently demanding that Apple produce documents in response to RFP No.
26   102, which refers to Apple's employee Matt Brown, but it does not withdraw that request.
     FlatWorld reserves the right to seek compliance with that request in the future as necessary.
27   Consequently, FlatWorld is presently moving to compel production from only 20 custodians, not
     21.

28       [5] See footnote 2, *supra*.

1    The discussion above, as well as the Declaration of Ryan Meyer (¶¶ 2, 6) and Exhibit 5 to that

2    declaration, amply sets forth the likely benefit of this discovery because each of the individuals

3    targeted in FlatWorld's RFPs are likely to have additional information relating to infringement and

4    the value of the patented features.  FlatWorld needs the requested information to identify

5    appropriate Apple witnesses for depositions.

6           FlatWorld cannot accept Apple's proposal to narrow and eliminate most of FlatWorld's

7    discovery requesting documents relating to these custodians.  *See Meyer Decl.* at ¶ 3, Ex. 3.  Apple

8    has provided no basis for why the seven individuals proposed by Apple are more pertinent to this

9    litigation than the other 13, and FlatWorld is hesitant to rely on Apple's selection of document

10   custodians.  After all, Apple did not list any of these employees in its Initial Disclosures or

11   Supplemental Initial Disclosures even though it is clear that each of them have in their custody

12   discoverable information relating to the claims and/or defenses in this litigation.

13          Apple alleged during a discovery conference with FlatWorld and in subsequent

14   correspondence that production of the requested documents is unduly burdensome, and this burden

15   outweighs any likely benefit to FlatWorld.  *Id.* at ¶ 6.  FlatWorld knows of no reason why

16   production of this information would be unduly burdensome to Apple.  Apple's position appears to

17   be that the number of individuals, 20, in view of Apple's past production, renders these requests

18   overly burdensome.  According to Apple, it has 80,000 employees worldwide, with over 50,000 in

19   the United States alone,[6] and FlatWorld is seeking documents in the custody of a mere 20

20   specifically-identified Apple employees.  Producing documents from this small number of people

21   should constitute little, if any, burden for a technically and legally sophisticated company such as

22   Apple.  Moreover, it is probable that Apple has already collected at least some of the requested

23   documents during other litigations relating to gesture recognition technology, including Apple's

24   ongoing litigations with Samsung.  The only reasons that Apple has provided FlatWorld to

25   demonstrate that production would be overly burdensome are conclusory statements supported by

26   no evidence.

27

28          [6] *See* http://www.apple.com/about/job-creation.

**CONCLUSION**

Apple's continued withholding of responsive, non-privileged documents is prejudicial to FlatWorld because it has delayed FlatWorld's ability to prepare its case and identify the appropriate Apple employees to be deposed. For the foregoing reasons, FlatWorld respectfully requests that the Court grant this motion to compel in its entirety.


DATED: August 6, 2013                     HAGENS BERMAN SOBOL SHAPIRO LLP



                                          By _____/s/ *Steve W. Berman*_____
                                             Steve W. Berman (*Pro Hac Vice*)

                                          Mark S. Carlson (*Pro Hac Vice*)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          1918 Eighth Avenue, Suite 3300
                                          Seattle, WA 98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594
                                          steve@hbsslaw.com
                                          markc@hbsslaw.com

                                          Jeff D. Friedman (173886)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          715 Hearst Avenue, Suite 202
                                          Berkeley, CA 94710
                                          Telephone: (510) 725-3000
                                          Facsimile: (510) 725-3001
                                          jefff@hbsslaw.com

                                          *Attorneys for Plaintiff*
                                          *FlatWorld Interactives LLC*

1

2
## PROOF OF SERVICE

3
The undersigned hereby certifies that a true and correct copy of the above and foregoing

4
document along with a PROPOSED ORDER and the DECLARATION OF RYAN MEYER have

5
been served on August 6, 2013, to all counsel of record who are deemed to have consented to

6
electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of

7
record will be served by electronic mail, facsimile and/or overnight delivery.

8

9
                                            /s/ *Steve W. Berman*
                                           Steve W. Berman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY        - 7 -
No. C 12-01956 WHO (EDL)