IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant.<br>_____ / | No. C -12-01956 WHO (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S FIRST MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO COMPEL** |

On November 26, 2013, the Court held a hearing on Defendant's First and Second Motions to Compel. For the reasons stated at the hearing and in this Order, Defendant's First Motion to Compel is granted in part and denied in part, and Defendant's Second Motion to Compel is granted in part and denied in part.

1. Plaintiff asserted the common interest privilege with respect to communications with third party Acacia. The common interest doctrine is "an extension of the attorney client privilege." See Waller v. Financial Corp. of America, 828 F.2d 579, 583 n. 7 (9th Cir.1987). "It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected. 'The need to protect the free flow of information from client to attorney logically exists whenever multiple clients share a common interest about a legal matter,' and it is therefore unnecessary that there be actual litigation in progress for the common interest rule of the attorney-client privilege to apply." U.S. v. Schwimmer, 892 F.2d 237, 243–44 (2nd Cir.1989) (citations omitted). The common interest doctrine, and the similar joint defense

doctrine, are "not privileges in and of themselves. Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties." Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007).

Here, Plaintiff has not shown that Plaintiff and Acacia shared a common interest. Instead, Plaintiff and Acacia engaged in arm's length negotiations regarding a potential license or sale of the patent-in-suit, and no agreement was reached. See Katz v. AT&T Corp., 191 F.R.D. 433, 438 (E.D. Pa. 2000) (finding that parties to negotiations about a license did not have a common interest in part because there was no final agreement); see also, e.g., Def.'s Ex. 25 (Acacia's proposal for a relationship); Ex. 26 (Plaintiff's counter-proposal); Ex. 27 (Acacia's rejection of Plaintiff's proposal). Further, there has been no showing that there was any agreement, such as a non-disclosure agreement, to keep the communications confidential. Therefore, there was no common interest and Defendant's First Motion to Compel the Acacia documents is granted. Plaintiff shall produce the Acacia documents no later than December 12, 2013.

2. Third party Rembrandt asserted work product protection over communications with Plaintiff. Defendant argues that the work product protection does not apply and that therefore, the Court should order Rembrandt to produce those documents. Rembrandt is not a party to this case and has not appeared before the Court on this motion. Therefore, the Court declines to issue an advisory opinion about the Rembrandt documents and denies Defendant's First Motion to Compel as to those documents.

3. With respect to the other issues raised in Defendant's First Motion to Compel, as stated at the hearing, no later than December 3, 2013, Plaintiff may amend its privilege log to add the attorney-client privilege to communications for which Plaintiff currently claims only spousal privilege, but only if Plaintiff can assert the attorney-client privilege in good faith. No later than December 4, 2013, Plaintiff may submit seven documents and Defendant may submit ten documents for the Court's in camera review.

4. Defendants Second Motion to Compel documents and supplemental interrogatory responses regarding the offer of Jennifer McAleese, one of Plaintiff's principals, to purchase a 10%

interest in royalties from the patent-in-suit from its patent prosecutor, Gordon Nelson, is granted. Plaintiff shall produce these documents no later than December 12, 2013.

5. Defendant's Second Motion to Compel documents and interrogatory responses relating to the source for payments of fees to the Patent and Trademark Office made by Plaintiff and its principals is denied without prejudice.

**IT IS SO ORDERED.**

Dated: December 2, 2013

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge