IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant.<br>_____ / | No. C -12-01956 JSW (EDL)<br><br>**ORDER REGARDING IN CAMERA REVIEW** |

On December 2, 2013, the Court issued an Order giving the parties leave to lodge a total of seventeen documents for in camera review in connection with Defendant's First Motion to Compel. The parties lodged the documents on December 4, 2013. The Court has reviewed the parties' submissions and orders as follows.

**JMPriv137A/MLB_F0000045:** Plaintiff has asserted the attorney-client privilege and the spousal privilege for this document. Communications that would have been made for a business purpose are not protected by the attorney-client privilege. See McCaugherty v. Sifferman, 132 F.R.D. 234, 238 (N.D. Cal. 1990) ("No privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice. Fisher et al. v. United States et al., 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1975)."). This email chain constitutes a business communication and therefore, is not protected by the attorney-client privilege.

However, the spousal privilege "protects from disclosure private communications between spouses." United States v. Griffin, 440 F.3d 1138, 1143-44 (9th Cir.2006). The privilege exists "to protect the integrity of marriages and ensure that spouses freely communicate with one another."

1 Griffin, 440 F.3d at 1143. The Ninth Circuit has held that "[t]he privilege (1) extends to words and
2 acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to
3 confidential communications, i.e., those not made in the presence of, or likely to be overheard by,
4 third parties." United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004) (citing United
5 States v. Marashi, 913 F.2d 724, 729–30 (9th Cir.1990)). Further, the Ninth Circuit construes the
6 spousal privilege narrowly, to promote marriage without thwarting the administration of justice. Id.;
7 Marashi, 913 F.2d at 730.

8 Here, Defendant argued that there was no expectation of privacy in communications sent or
9 received through Mr. McAleese's law firm email account, and so the communications were not
10 protected by the spousal privilege. In determining whether an employee's communications
11 transmitted or stored on a work computer are privileged, courts typically consider four factors as set
12 forth in In re Asia Global, 322 B.R. 247, 257 (Bankr.S.D.N.Y.2005): (1) does the company maintain
13 a policy banning personal or other objectionable use, (2) does the company monitor the use of the
14 employee's computer or email, (3) do third parties have a right of access to the computer or emails,
15 and (4) did the corporation notify the employee, or was the employee aware, of the policy. Asia
16 Global, 322 B.R. at 257. The factors in this case weigh in favor of the application of the spousal
17 privilege. Most significantly, even if there is a policy banning personal use of the firm email system
18 and the firm had the right to access Mr. McAleese's email, there has been no showing under the
19 second factor that the firm actually monitored the email system or Mr. McAleese's email in
20 particular. The importance of the spousal privilege and the lack of evidence showing that the firm
21 actually monitored the email system supports the application of privilege here. See In re High Tech
22 Employee Antitrust Litig., 2013 WL 772668, *7 (N.D. Cal. Feb. 28. 2013). Therefore, the document
23 is protected by the spousal privilege.

24 **JMPriv141:** Plaintiff has asserted the attorney-client privilege and the spousal privilege for this
25 document. Although the email chain is most likely a business communication that is not protected
26 by the attorney-client privilege, it is protected by the spousal privilege as described above.

27 **PRIV0293:** Plaintiff has asserted the attorney-client privilege and the spousal privilege for this
28 document. Although the email chain is most likely a business communication that is not protected

2

by the attorney-client privilege, it is protected by the spousal privilege as described above.

**PRIV0426:** Plaintiff has asserted the attorney-client privilege and the spousal privilege for this document. Although the email chain is most likely a business communication that is not protected by the attorney-client privilege, it is protected by the spousal privilege as described above.

**MLB_F0000280:** Plaintiff has asserted the attorney-client privilege and the spousal privilege for this document. Although the email chain is most likely a business communication that is not protected by the attorney-client privilege, it is protected by the spousal privilege as described above.

**JMPriv036:** This email is protected by the spousal privilege as described above.

**PRIV1037:** Plaintiff asserted the attorney-client privilege for this document. Because the email is a business communication rather than a legal communication, it is not protected by the attorney-client privilege.

**PRIV0851:** Plaintiff asserted the attorney-client privilege for this document. Because the email is a business communication rather than a legal communication, it is not protected by the attorney-client privilege.

**PRIV1110**: Plaintiff asserted the attorney-client privilege for this document. Although there appears to be a business purpose for this document, it also contains legal advice and therefore, is protected by the attorney-client privilege.

**PRIV0857/PRIV1035:** Plaintiff asserted the attorney-client privilege for this document. This document contains legal advice, and is protected by the attorney-client privilege.

**MLB_F000024:** This document is a business communication that is not protected by the attorney-client privilege, but for the reasons stated above, it is protected by the spousal privilege.

**MLB_F0000146:** This email chain is protected by the spousal privilege for the reasons stated above.

**JMPriv1039:** This document is protected by the attorney-client privilege.

**PRIV 1093:** This document is protected by the attorney-client privilege.

**PRIV1290:** This document is protected by the attorney-client privilege.

A question remains as to the scope of any subject matter waiver resulting from Plaintiff's disclosure of privileged documents. Disclosure of the content of privileged communications

1 constitutes a waiver of the privilege as to all other communications on the same subject matter. See
2 Weil v. Inv./Indicators, Research & Mgmt, Inc., 647 F.2d 18, 25 (9th Cir. 1981). The Ninth Circuit
3 uses a three-pronged test to determine whether a waiver has been effected. First, the court considers
4 whether the party is asserting the "privilege as the result of some affirmative act, such as filing suit."
5 Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir.1995) (citing Hearn
6 v. Rhay, 68 F.R.D. 574, 581 (E.D.Wash.1975)). Second, the court examines whether "through this
7 affirmative act, the asserting party puts the privileged information at issue." Id. Finally, the court
8 evaluates whether "allowing the privilege would deny the opposing party access to information vital
9 to its defense." Id. In addition, under the Federal Rules, waiver "extends to an undisclosed
10 communication or information in a federal or state proceeding only if: (1) the waiver is intentional;
11 (2) the disclosed and undisclosed communications or information concern the same subject matter;
12 and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(A).

13 The Court concludes that the subject matter waiver extends only to topics that were the
14 subject of disclosed communications. For example, Plaintiff produced a document regarding its
15 valuation of the patent-in-suit. Blake Decl. Ex. 22. While Defendant argued that in producing
16 exhibit 22, Plaintiff has waived the attorney-client privilege as to all communications regarding the
17 valuation of the patent-in-suit, Plaintiff argued that no waiver occurred, and even if there was
18 waiver, it was limited to exhibit 22 itself. The subject matter waiver in this example extends to
19 communications between Plaintiff and its attorneys regarding the value of the patent-in-suit without
20 reissue prior to the March 8, 2010 date of Ms. McAleese's email contained in Exhibit 22.

21 In another example, Plaintiff's patent prosecution attorney, Mr. Nelson, sent an email to
22 Plaintiff's co-founders regarding the outcome of Plaintiff's reissue application. Blake Decl. Ex. 21.
23 Ms. McAleese forwarded that email to a representative of a patent monetization company, Ocean
24 Tomo ICAP. Plaintiff disclosed Mr. Nelson's email and produced exhibit 21. Thus, Plaintiff has
25 waived the attorney-client privilege with respect to communications between Plaintiff and Mr.
26 Nelson regarding the outcome of Plaintiff's reissue application.

27 In addition, Plaintiff produced communications between Mr. McAleese and Ms. McAleese
28 regarding Plaintiff's attempts to license or sell the patent-in-suit to Nokia. Blake Decl. Ex. 17, 18,

4

20. Thus, Plaintiff has waived the spousal privilege as to communications between Mr. McAleese and Ms. McAleese regarding Plaintiff's attempts to license or sell the patent-in-suit to Nokia.

**IT IS SO ORDERED.**

Dated: December 24, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge