UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 12-cv-01956-WHO<br><br>**ORDER DENYING MOTION TO VACATE CLAIM CONSTRUCTION ORDER**<br><br>Re: Dkt. No. 288 |

On January 3, 2014, I issued a *Markman* order in this action. Dkt. No. 275. One month later, the parties informed me that they reached an agreement in principle to settle the action. Dkt. Nos. 279. Now plaintiff FlatWorld Interactives LLC wants me to vacate the claim construction order, in which I adopted only one of its proposed constructions out of nine terms to be construed, because it is concerned about the potential collateral estoppel effects of my order in two actions pending before the United States District Court for the District of Delaware and FlatWorld. Its motion to vacate the claim construction order is DENIED.

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from an order if "applying it prospectively is no longer equitable" or for "any [ ] reason that justifies relief." FED. R. CIV. P. 60(b). "Although the Court may vacate an order upon settlement there is no requirement to do so; otherwise any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *White v. Shen*, No. 09-cv-989-BZ, 2011 WL 2790475, at *1 (N.D. Cal. July 13, 2011) (internal quotation marks omitted). A "district court can decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995).

FlatWorld simultaneously litigated claim constructions in this Court and in Delaware concerning the same patent. It did not suggest that I should delay claim construction because the Honorable Leonard Stark was considering similar issues. FlatWorld notes that Judge Stark "is an experienced district court judge, has presided over numerous patent cases, and actively participated and questioned the parties for over six hours" in their claim construction. Mot. 9. Nonetheless, it "is concerned" that Judge Stark might unwarrantedly take account of my order to apply collateral estoppel despite the fact that FlatWorld believes that some of the claim construction issues in this case differ from the ones in Delaware. Mot. 4-5. FlatWorld claims hardship because, in settling this case, "FlatWorld los[t] the opportunity for review of the Court's claim construction order" and "is at risk of being bound" by the order. Mot. 5.

I am not going to relieve FlatWorld from the consequences of its litigation strategy. It could have asked me to delay claim construction to wait for Judge Stark's ruling. It is not lost on me that if I had ruled largely in FlatWorld's favor, FlatWorld would have trumpeted my rulings before Judge Stark. Nor did FlatWorld have to settle after I ruled. Further, I doubt that Judge Stark needs me to erase history that FlatWorld wishes did not exist in order to reach an appropriate determination in his cases.

The Ninth Circuit has said in a similar context, "the public has an interest in protecting district court precedents from 'a refined form of collateral attack.'" *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007). FlatWorld's request is not even a thinly-veiled "refined form of collateral attack"—FlatWorld is unabashed that it does not want an order that was not in its favor to come back to haunt it. But a court should not chisel out parts of the public record and the body of law merely because an unsatisfied party wants to destroy the remains of its loss. FlatWorld's motion to vacate is DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2014

WILLIAM H. ORRICK
United States District Judge